STATE OF MISSOURI at the relation of GUSTAVE CYTRON and STANLEY L. CYTRON, Relators, v. ROBERT J. KIRKWOOD, Judge of the Circuit Court of St. Louis.—100 S. W. (2d) 450.

Court en Banc, December 23, 1936.

*A. B. Frey* and *Sigmund M. Bass* for relators; *Melvin L. Hertz-man* of counsel.

*Franklin Miller, William B. Flynn* and *Forrest G. Ferris, Sr.,* for respondent.

COLLET, J.—Prohibition by which relator seeks to restrain respondent circuit judge from proceeding with the trial of an indictment charging relator with obtaining money by false pretenses.

On June 2, 1932, a grand jury returned an indictment against Gustave Cytron and Stanley L. Cytron charging them with the above offense which was alleged to have been committed on or about the 22d day of June, 1929. On June 9, 1932, both defendants were arraigned and pleaded not guilty. The cause was docketed for trial August 29, 1932. A number of continuances followed, the cause finally being tried in March, 1936. The jury failed to agree and a mistrial was ordered. In the interim preceding the trial the defendants withdrew their pleas of not guilty and filed a demurrer to the indictment. The demurrer was later amended and on December 27, 1933, was sustained, the court on that day entering the following order:

"This day, the Court having duly considered the defendants' amended demurrer to the indictment therein, and being fully ad-

vised thereof, does sustain the same as to the fifth, sixth and eighth grounds of said amended demurrer.''

On the following day, December 28, 1932, and during the same (December) term, the court entered the following order:

''Amended demurrer sustained on fifth, sixth and eighth grounds. The indictment having been held by the Court to be insufficient, the State is granted leave to file an information in substitution thereof during this term, and it is ordered that the defendants be committed or be recognized to answer any information to be filed.''

January 18, 1934, defendants filed a motion to set aside the order of December 28, 1932, upon the grounds that the order was made without notice, was contrary to law, constituted a denial of defendant's constitutional right to due process and exceeded the jurisdiction of the court. February 19, 1934, this motion was overruled. Later the order overruling the motion was set aside, but on April 2, 1934, the motion was again overruled. On the latter date, a substitute information was filed in lieu of the indictment. On April 21, 1934, defendants appeared specially and filed a plea challenging the court's jurisdiction, asserting as grounds therefor the fact that a demurrer to the indictment was sustained December 27, 1933, and judgment entered thereon; that the court was without jurisdiction to make the subsequent order of December 28, 1933, granting leave to file a substitute information, but that even if the court did have jurisdiction to make the order of December 28, 1933, that order expressly limited to the December, 1933, term the time within which a substitute information could be filed and hence the court was without jurisdiction to entertain proceedings on a substitute information filed April 12, 1934, and during the second subsequent term. The plea to the court's jurisdiction was overruled December 28, 1934. By a pleading entitled a plea in abatement, filed April 15, 1935, the defendants (again appearing, so they alleged, only for the purpose of the motion), again challenged the validity of the order of December 28, 1933, reasserting the reasons assigned in the former plea to the jurisdiction and in addition asserting that the action was barred by the Statute of Limitation. [Sec. 3392, R. S. 1929.] The plea in abatement was duly verified. Parol evidence was offered supporting the allegations of fact contained therein. It was overruled September 9, 1935. Subsequently a demurrer and motion to quash the substitute information were filed and overruled. After the mistrial in March, 1936, the cause was continued to the April, 1936, term. Thereafter, defendants were notified that the State proposed to proceed with the cause whereupon application was made to this court for our writ of prohibition. Our preliminary rule issued to which return was made setting forth the entire record. Motion for judgment on the pleadings followed. Thereafter Gustave Cytron departed this life, leaving as the sole relator Stanley L. Cytron.

The conclusion we reach, which we shall presently express, make a discussion of many of the ably presented and interesting questions of law unnecessary.

█ It is axiomatic that in the present state of the record all facts well pleaded in the petition, not controverted by the return, are accepted as true. █ The record shows that the alleged offense was committed, if at all, on June 22, 1929. The indictment was found June 2, 1932, approximately twenty days prior to the expiration of the period of limitation. [Sec. 3392, R. S. 1929.] That indictment was pending until the court sustained the demurrer thereto on December 27, 1933. During the pendency of the indictment the Statute of Limitations was suspended. [Sec. 3395, R. S. 1929.] But it was only suspended during the period the indictment was pending. The language of the statute leaves no doubt on that point:

"Sec. 3395. WHEN INDICTMENT QUASHED.—When an indictment or prosecution shall be quashed, set aside or reversed, *the time during which the same was pending* shall not be computed as part of the time of the limitation prescribed for the offense." (Italics ours.)

Therefore, on December 27, 1933, the suspension of the running of the statute ceased and the action became barred at the end of the statutory period of three years (Sec. 3392, supra). No substitute information, authorized by Section 3564, Revised Statutes 1929, was filed until long after the expiration of that period. It necessarily follows that the action was barred long prior to the filing of the substitute information on April 12, 1934.

█ It is true, as asserted by respondent, that Section 3564, supra, provides that a substitute information may be filed at any time before the jury is sworn. But that language must be construed in the light of the provisions of Sections 3392 and 3395, and harmonized therewith, if possible. When that is done an exception to the general language of Section 3564 is created with the result that the latter section must be construed to mean that an information may be substituted for an invalid indictment at any time before the jury is sworn unless the action be sooner barred by limitation. To hold otherwise would produce the result that the Statute of Limitation under consideration would not run when an indictment had been found and quashed. Such a result would be inconsistent with the clear intent of Section 3395, supra.

█ It is suggested, in effect, in the argument that the filing of the motion to set aside the order granting leave to file a substitute information suspended the judgment of the court holding the indictment invalid, with the result that the indictment was pending until the motion was passed on. The suggestion is without merit for two reasons: First, the motion did not seek to set aside the order of the court holding the indictment invalid but was directed only to the

order of the court granting leave to file an information in lieu of the indictment. Second, the motion was not a necessary or statutory motion and hence could not suspend the judgment of the court invalidating the indictment. [Lucitt v. Toohey's Estate, 338 Mo. 343, 89 S. W. (2d) 662, 663; State ex rel. v. May Department Stores v. Haid, 327 Mo. 567, 38 S. W. (2d) 44.]

. The preliminary rule in prohibition is made absolute. All concur.