STATE OF MISSOURI, AT THE RELATION OF FRANCIS G. COOK, RESPONDENT, v. JOHN H. GLASSCO, EDWARD R. HANDLAN, JAMES J. MORAN, JOHN J. NANGLE, AND HARRY J. POWELL, AS MEMBERS OF THE BOARD OF TRUSTEES OF THE POLICE RETIREMENT SYSTEM OF ST. LOUIS: AND EDWIN E. HUFFMAN AND LOUIS NOLTE, AS EX OFFICIO MEMBERS OF THE BOARD OF TRUSTEES OF THE POLICE RETIREMENT SYSTEM OF ST. LOUIS, APPELLANTS.—161 S. W. (2d) 438.

St. Louis Court of Appeals. Opinion filed May 5, 1942.

Motion for rehearing denied May 19, 1942.

108

*Joseph F. Holland* and *Charles F. Hamilton* for appellants.

*Dubinsky & Duggan* for respondent.

SUTTON, C.—This is an action by *certiorari* brought by Francis G. Cook against John H. Glassco and others as members of the Board of Trustees of the Police Retirement System of St. Louis, seeking to quash the record of the board, disallowing relator's claim for accidental disability benefits as a member of the retirement system. From the judgment of the circuit court, quashing the record of the board of trustees and directing the board to grant relator accidental disability benefits, defendants appeal.

Relator has filed a motion here to dismiss the appeal. He puts the motion on the ground that the affidavit for appeal fails to recite that appellants complied with subsection 5 of section 9468, R. S. 1939, which provides as follows: "Each trustee shall be entitled to one vote in the board. Four votes shall be necessary for a decision by the trustees at any meeting by said board." Relator says that the affidavit fails to comply with this subsection in that the affidavit does not recite that the board of trustees, at a meeting duly held, reached a decision to take an appeal from the judgment and to appoint an agent to perfect the appeal, and that four or more members voted therefor, and contends that the affidavit is fatally defective for such failure. We can see no substantial merit in this contention. The affidavit was made by Charles F. Hamilton, an attorney of record in the case, and the affidavit recites that he is attorney and agent for the members of the board of trustees. It will be presumed that he was duly authorized to perfect the appeal.

The provisions of the statute, relating to the police retirement system of St. Louis, particularly applicable here, on the merits, are found in sections 9468 and 9469, R. S. 1939.

Section 9468, subsection 6, provides as follows:

"The board of trustees shall have exclusive original jurisdiction in all matters relating to or affecting the funds herein provided for, including, in addition to all other matters, all claims for annuities, benefits, refunds or pensions under this law, and its action, decision or determination in any matter shall be reviewable by the common law writ of *certiorari* only, and any party to such *certiorari* proceedings shall have a right of appeal from the decision of the reviewing court."

Section 9469, subsection 5, is as follows:

"Accidental disability benefit: Upon application of a member of the board of police commissioners any member (of the police retirement system) who has become totally and permanently incapacitated for duty as the natural and proximate result of an accident occurring while in the actual performance of duty at some definite time and place through no negligence on his part, shall be retired by the board of trustees provided that the medical board shall certify that such member is mentally or physically incapacitated for further performance of duty, that such incapacity is likely to be permanent and that such member should be retired."

Subsection 6 prescribes the benefits a member shall receive upon accidental disability retirement.

In this case, the board of police commissioners on December 14, 1939, pursuant to a request in writting made by relator to each member of said board, made application to the board of trustees of the police retirement system, requesting that relator's claim for accidental disability benefits, previously filed with the board of trustees, be heard in order that the board of trustees might determine whether relator had become totally and permanently incapacitated for duty as the natural and proximate result of an accident while in the actual performance of duty. On May 27, 1941, after a hearing before the board of trustees, the claim was disallowed. Thereupon, this action was brought.

Relator contends here that the board of trustees was without authority to determine whether or not relator had become totally and permanently incapacitated for duty as a natural and proximate result of an accident occuring while in the actual performance of duty through no negligence on his part, but that such authority was vested solely in the board of police commissioners, and that the board of trustees was authorized only to determine the amount of the benefits to be allowed.

This construction of the statute runs counter to its express terms. The statute clearly and unequivocally vests in the board of trustees "exclusive original jurisdiction in all matters relating to or affecting the funds herein provided for, including, in addition to all other matters, all claims for annuities, benefits, refunds or pensions under this law." It is true the power to initiate proceedings for the allowance of accidental disability benefits, by making application to the board of trustees, is vested in any member of the board of police commissioners, but this does not mean that such member has power to determine the facts upon which the allowance of benefits depends. That power is vested exclusively in the board of trustees. [State ex rel. Lambert v. Flyn (Mo.), 154 S. W. (2d) 52, l. c. 54.]

Relator further urges that the record of the board of trustees shows that he was totally incapacitated for duty as a natural and proximate

112

result of an accident while in the actual performance of duty at a definite time and place and through no negligence on his part. We do not find that the record so shows. It is true that a statement to this effect is made by relator in his application to the board of trustees and also in his request to the members of the board of police commissioners, but the board of trustees was not concluded by this mere *ipse dixit* of the relator.

The Commissioner recommends that the motion to dismiss the appeal be overruled and that the judgment of the circuit court be reversed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The motion to dismiss the appeal is accordingly overruled and the judgment of the circuit court reversed. *Hughes, P. J.,* and *McCullen* and *Anderson, JJ.,* concur.