STATE OF MISSOURI, ex rel. E. W. ALLISON, Relator, v. WILLIAM E. BARTON, Judge of the Phelps County Circuit Court.—No. 39948.— 197 S. W. (2d) 667.

Court en Banc, November 11, 1946.

*E. W. Allison* pro se and *Claude T. Wood* for relator.

*J. E. Taylor,* Attorney General, and *Drake Watson,* Assistant Attorney General, for respondent.

TIPTON, C. J.—This is an original proceeding in prohibition to prohibit respondent as judge of the circuit court of Phelps County from proceeding to try four felony cases pending on the docket of that court on May 2, 1946.

Relator's petition for prohibition alleges that he was a duly elected, qualified and acting member of the 63rd General Assembly of Missouri and was the attorney of record for the defendants in these four cases, styled and numbered as follows: No. 2831, State of Missouri v. Ira Attebery; ▮ No. 2837, State of Missouri v. Samuel Herron; No. 2838, State of Missouri v. Samuel Herron; and No. 2868, State of Missouri v. Oris Massey and Hayward Fletcher.

April 1, 1946, was the first day of the April session of the circuit court of Phelps County and on that date the General Assembly was in session. When respondent called the above mentioned cases, pending on the criminal docket of that court on that date, relator as attorney for the defendants filed in each case his application and affidavit for a continuance, thereby complying with Section 96, Laws of Missouri, 1943, page 383. Thereupon respondent made an order in each case continuing each one until May 2, 1946, and setting all four cases for trial on that date. He orally ordered these four defendants to be ready for trial on that date and ordered the jury to return at that time.

Pursuant to the acts and orders of respondent, the prosecuting attorney caused subpoenas to be issued for state's witnesses and placed in the hands of the sheriffs of the respective counties in which the witnesses lived. The witnesses were served and ordered to appear for the trials on May 2, 1946.

Relator's petition states that the General Assembly was in session on April 1 and 2, 1946, and relator was in actual attendance on it, but on April 3, 1946, the General Assembly recessed to reconvene on May 6, 1946. It further states that the setting of all four cases on the same day and ordering the four defendants to appear and be ready for trial was not only in excess of respondent's jurisdiction when such order violated Section 96 of the Civil Code, but such orders were arbitrary, oppressive and capricious.

On April 30, 1946, this court issued its provisional writ of prohibition directing respondent to take no further steps in any of the four

cases until further orders of this court, and to show cause, if any, on or before May 31, 1946, why our writ of prohibition should not be made absolute as prayed for in relator's petition.

On May 29, 1946, respondent, pro se, filed his return to our provisional writ in prohibition, which is as follows:

"Respondent, for return to the Preliminary Rule herein, says that he obeyed to the letter the dictates of Section 96 of the Civil Code of Missouri, as will appear from the certified copies of continuances hereto attached.

"It will be observed that the theory of relator is that 20 plus 10, i. e. 30, days must elapse between the recessing and the trial. This is erroneous but in these cases that time did elapse. It is alleged that the legislature recessed on April 3rd. The recessing resolution shows April 2nd, which gives the full 30 days. Senate Journal, page 3404.

"All this is now moot. But the legislature is again in session and this statute is still on the books. No doubt it will, if valid, be used to secure further delay.

"Therefore, the only point we desire to consider *is the constitutionality of Section 96 of the Civil Code of Missouri.*"

Respondent then attempted to assign several reasons why Section 96, supra, is unconstitutional, which will be referred to later in this opinion.

To respondent's return relator filed a motion to strike the return for the reasons that "the purported pleading filed in this proceeding by respondent in no sense constitutes a return to the writ and petition;" that the "pleading wholly fails to traverse a single allegation of facts;" that it does not "plead any matters or conditions in avoidance of the verified allegations in relator's petition on which the provisional writ was issued;" and that "no constitutional question is properly raised or pleaded by the respondent's purported pleading filed herein, quoting a series of abstract propositions of law raises no constitutional question for the court's consideration or determniation." It asked that the allegations of relator's petition stand admitted and the writ be made absolute.

██ Under the rules of good pleading respondent·is obliged to either deny or confess and avoid every material allegation in the writ and relator's petition. Every allegation ██ of relator's petition which is not denied by the return or confessed and avoided therein is to be taken as true. State ex rel. Kansas City Exchange Co. v. Harris, Judge, 229 Mo. App. 721, 81 S. W. (2d) 632; State ex rel. Cytron v. Kirkwood, 340 Mo. 185, 100 S. W. (2d) 450.

In his return respondent does not deny or confess any allegations in relator's petition; in fact, he says in his return that points made by relator are moot, and "the only point we desire to consider is the constitutionality of Section 96 of the Civil Code of Missouri." So, the only matter before us is the constitutionality of Section 96, supra.

Relator contends that the constitutional question is not properly raised and, therefore, is not before us.

█ If the questions presented by relator's petition and our provisional writ are moot, then we cannot consider the contention that Section 96, supra, is violative of our Constitution. State v. Halbrook, 311 Mo. 664, 279 S. W. 395. Moreover, there is another reason why the constitutionality of this section cannot be decided by us and that is that the return does not point out why certain sections of our Constitution are violated. In fact, the return is no more than a brief on the constitutional questions, citing certain provisions of our new Constitution and other authorities. The failure to specifically point out wherein and why the Constitution is violated fails to properly raise a constitutional question. Hartzler v. Metropolitan Street Ry. Co., 218 Mo. 562, 117 S. W. 1124.

█ No section of the Constitution of 1875 is relied upon by respondent, but by his return he relies upon our 1945 Constitution. The unauthorized acts of respondent complained of by this action occurred on April 1, 1946, therefore, under Section 2 of the schedule of the 1945 Constitution, Section 96, supra, could not violate the 1945 Constitution. This section of the schedule reads: "All laws in force at the time of the adoption of this Constitution and consistent therewith shall remain in full force and effect until amended or repealed by the general assembly. All laws inconsistent with this Constitution, unless sooner repealed or amended to conform with this Constitution, shall remain in full force and effect until July 1, 1946."

We hold no constitutional questions in regard to the validity of Section 96, supra, were properly raised and, therefore, those questions are not before us for review.

█ Since respondent's return does not deny or confess and avoid the allegations of relator's petition and our provisional writ, we hold that relator's motion to strike respondent's return and to make our provisional rule absolute must be sustained. Our provisional rule in prohibition is hereby made absolute. All concur, except Gantt, J., not sitting.