**CROCKETT OIL COMPANY, Plaintiff-Appellant,**

v.

**Eugene C. EFFIE, Defendant-Respondent.**

**No. 8204.**

Springfield Court of Appeals.

Missouri.

Jan. 6, 1964.

Charles D. Tudor, Joplin, for plaintiff-appellant.

Douglas & Douglas, Herbert Douglas, Neosho, for defendant-respondent.

HOGAN, Judge.

This appeal is taken from an order denying plaintiff's motion to quash an execution. So far as they are material to a disposition of this appeal, the facts are that some time prior to November 8, 1961, the plaintiff brought suit on an open account against the defendant, and the defendant filed a counterclaim. On November 8, 1961, a trial resulted in a judgment for the defendant on his counterclaim. On November 22, 1961, the plaintiff filed a timely motion for a new trial. Ninety-one days after the motion was filed, on February 21, 1962, the trial court acted upon the plaintiff's motion, granting a new trial upon the ground that the verdict of the jury was against the weight of the evidence.

Nothing further was done until September 4, 1962, when the defendant sued out an execution on the judgment rendered November 8, 1961. It is conceded by the

parties that the execution issued in due form.

The plaintiff thereupon moved to quash the execution. The defendant filed a responsive pleading and the matter was argued in the trial court. Though it is not material on this appeal, it is suggested in the briefs that a first execution was returned unsatisfied, a second issued, and that a second motion to quash was also filed. In any event, it is apparent that the issues on both motions were the same and the trial court, after hearing arguments, denied the motion to quash. The plaintiff, the judgment debtor, has appealed.

In this court, the plaintiff has advanced three principal arguments, variously stated, in support of its contention that the trial court erred in denying the motion to quash. First, the plaintiff maintains that the state of the record itself prevented the issuance of an execution. In this connection, it is argued that there was a final order of record setting aside the judgment upon which the execution was based; this order, plaintiff says, was neither void on its face nor a nullity, and since it had not been attacked by motion or otherwise it precluded the issuance of an execution. Somewhat in the same vein, plaintiff argues that since the order was valid on its face and had become final without appeal, it could not properly be challenged collaterally on a motion to quash. In support of these first two arguments, the plaintiff cites such cases as Flynn v. Janssen, Mo., 266 S.W.2d 666, a later opinion in the same case, Flynn v. Janssen, Mo., 284 S.W.2d 421, and Brand v. Brand, Mo., 243 S.W.2d 981. As an alternative argument, the plaintiff contends that since the defendant failed to appeal or otherwise attack the order granting a new trial and consented to a retrial of this case in the fall of 1962, the defendant has

waived any irregularity or lack of jurisdiction to enter the order for a new trial. In support of this proposition, we are cited to the cases of Berry v. Chitwood, Mo., 362 S.W.2d 515, and State ex rel. McKenzie v. LaDriere, Mo.App., 294 S.W.2d 610. The defendant simply answers that since the trial court lost jurisdiction of the cause on February 20, 1962, ninety days after the motion for new trial had been filed, the order granting a new trial was a nullity.

Examining the plaintiff's assertion that the state of the record precluded the issuance of an execution, we see that it involves the basic assumption that the order granting a new trial was not intrinsically void, but only erroneous or irregular. This involves, we believe, a consideration of the purpose and effect of Rule 78.04,[1] which now provides that if the motion for new trial is not passed on within ninety days, it is deemed denied for all purposes, provided that the ninety-day period shall be computed to exclude any time during which the trial court's power to act is suspended because of an order of a superior state court, or removal of the action to a Federal court.[2] The precise question here is whether the expiration of ninety days after filing a timely motion for new trial (assuming, of course, the proviso does not apply) divests the trial court of jurisdiction, so the order here may be said to be a nullity, or "void on its face."

Under the old practice—prior to the adoption of the 1943 Code—the trial court had discretionary power to grant a new trial of its own motion at any time during the term, even though no motion for new trial was filed, or if the motion was untimely. This discretionary power to grant a new trial of the court's own motion lapsed at the end of the term.[3] On the

---

1. All references, unless otherwise noted, are to RSMo. (1959), V.A.M.S. and V.A.M.R.

2. For the background of this proviso, which was added to Section 118 of the 1943 Code when the present Civil Rules

were adopted in August 1959, see Westhues, Deficiencies of the Code, 3 St. Louis U. Law Journal 350, 353.

3. Ewart v. Peniston, 233 Mo. 695, 709–710, 136 S.W. 422, 425–426; Williams v. Kansas City Southern Ry. Co., 156 Mo.

other hand, prior to the adoption of the 1943 Code, were a timely motion for new trial filed, the court could continue the motion and rule on any specified ground of error at a subsequent term.[4] In some instances, the disposition of a motion for new trial was prolonged for an unconscionable time, and some authorities concluded at the time Rule 78.04 was originally enacted[5] that its purpose was to set a peremptory time limit upon the trial court's right to act on a motion for new trial.[6] This conclusion is strengthened by the fact that it was also provided by Section 6(b) of the Code (which in slightly modified form is now Rule 44.01(b) (2)) that the court " * * * may not enlarge the period for filing a motion for or granting a new trial * * *." In our view, these two rules, considered together, make it plain that when the time limited by Rule 78.04 expires, the trial court's jurisdiction lapses.[7] In the instant case, therefore, when the trial court attempted to grant a new trial ninety-one days after the plaintiff's motion was filed, it acted in excess of its jurisdiction.

▪▪ This does not dispose of the appellant's contention that the order was not "void on its face." While the phrase "void on its face" is somewhat imprecise, it is clear that the invalidity need not appear on the face of the judgment alone; a judgment or order may be said to be intrinsically void, or "void on its face," if lack of jurisdiction appears from the record. State of Missouri ex rel. and to Use of Stormfeltz v. Title Guaranty & Surety Co., 8 Cir., 72 F.2d 595, 598 [8, 9], cert. den. 294 U.S. 708, 55 S.Ct. 404, 79 L.Ed. 1242; Caruthersville School Dist. No. 18 v. Latshaw, 360 Mo. 1211, 1219, 233 S.W.2d 6, 9 [4–7]; State ex rel. National Lead Co. v. Smith, Mo.App., 134 S.W.2d 1061, 1069 [18, 19]. In this particular instance, an examination of the record itself would show that the order for a new trial was made after the expiration of the time limited by Rule 78.04. When this time passes, the trial court is simply without authority to act on the motion. Therefore, since the record itself shows the trial court's want of authority to grant a new trial at this particular time, the order is not a mere erroneous exercise of the court's jurisdiction; it is void for want of jurisdiction and is subject to collateral attack. State ex rel. Lambert v. Flynn, 348 Mo. 525, 532, 154 S.W.2d 52, 57; Aetna Ins. Co. v. O'Malley, 342 Mo. 800, 814–815, 118 S.W.2d 3, 9–10; Gray v. Clement, 286 Mo. 100, 109, 227 S.W. 111, 113; Maxey v. Maxey, Mo.App., 212 S.W. 2d 810, 811 [1].

App. 675, 678–679, 138 S.W. 44, 45; Head v. Randolph, 83 Mo.App. 284, 287–288. This discretionary power has been preserved by Rule 75.01.

4. Beer v. Martel, 332 Mo. 53, 61, 55 S.W. 2d 482, 484–485 [12–15]; Boyer v. Missouri Pac. R. Co., Mo., 293 S.W. 386, 387 [1–3]; Arnold v. Arnold, Mo., 222 S.W. 996, 1000–1001 [8]; Gray v. Missouri Lumber & Mining Co., Mo., 177 S.W. 595, 596 [2, 3].

5. As Section 118 of the Civil Code; later it was codified as Section 510.360 in the revisions of 1949 and 1959.

6. See Hyde and Douglas, The Civil Code Act of 1943, 2 Carr, Mo.Civ.Proc., p. 562, " * * * There have been instances of motions for new trial being held under advisement for a year or more. Under this new provision [Section 118, now Rule 78.04] they cannot be held under advisement more than ninety (90) days."

7. Baker v. Brown's Estate, 365 Mo. 1159, 1163, 294 S.W.2d 22, 25–26; Steuernagel v. St. Louis Pub. Serv. Co., 361 Mo. 1066, 1072, 238 S.W.2d 426, 429 [4]; Kattering v. Franz, 360 Mo. 854, 856, 231 S.W. 2d 148, 149 [1]; McPike v. St. Louis County Bank, Mo.App., 193 S.W.2d 961, 962 [3, 4]. In some actions, of course, the jurisdiction of the court is a continuing jurisdiction. See, e.g., Schenberg v. Schenberg, Mo.App., 307 S.W.2d 697, 702; § 452.070, pertaining to child custody and alimony; § 456.210, 456.220, pertaining to the administration of certain trusts. Also, certain remedies are available to correct, vacate or enjoin enforcement of final judgments; see Berry v. Chitwood, supra, 362 S.W.2d at 517–518; Comment, 28 Mo.L.R. 281. We are not concerned with these exceptions here.

We do not believe plaintiff's cited cases hold to the contrary. The Flynn cases, supra, 266 S.W.2d 666 and 284 S.W.2d 421, carefully note, 266 S.W.2d at 670, that "* * * the court which entered [the order] had jurisdiction of the parties and of the subject matter *and had jurisdiction to enter the particular order.* * * *" It is this so-called "third essential," jurisdiction to enter the particular order, [see State ex rel. Lambert v. Flynn, supra, 348 Mo. at 532, 154 S.W.2d at 57] which is lacking in the instant case, for the trial court's authority to act in any manner on the motion for new trial terminated on February 20, 1962. It is also true that a motion to quash an execution cannot be substituted for an appeal, Flynn v. Janssen, supra, 266 S.W.2d at 671, but there is no showing here that the merits of the motion for new trial were considered when the motion to quash was heard. The trial court's inquiry was directed only to the question of jurisdiction, and it is elementary law that a judgment or order which is really void may be attacked in any kind of proceeding. McCoy v. Briegel, Mo.App., 305 S.W.2d 29, 34–35 [1–5]; Smethers v. Smethers, Mo.App., 263 S.W.2d 60, 62. We must therefore rule against plaintiff on the contentions: (a) that the order for a new trial was valid on its face, and (b) that it could not be attacked collaterally by a motion to quash the execution.

Plaintiff further maintains that the defendant's consent to a retrial of the case— "in the fall"—precludes any objection to the untimeliness of the order for a new trial. We are here cited to Berry v. Chitwood, supra, 362 S.W.2d 515 and State ex rel. McKenzie v. LaDriere, supra, 294 S.W. 2d 610, among other authorities; but, in our view, neither of those cases controls the instant situation. All that the record shows —as counsel concedes on argument here— is that the defendant's attorney, at some time subsequent to the order for new trial, said "let's wait until this fall and we will try this thing again." There is no attempt to show here that the defendant himself ever consented to a retrial on the basis of the order of February 21, 1962.

■ However, even if the defendant had actually agreed to overlook the defect present on this record, that would not have conferred jurisdiction upon the trial court. The judgment had become final on February 20, 1962, and thereafter the trial court was without authority to act. The parties could not confer jurisdiction over the subject matter of the action by agreement.[8] As stated in State ex rel. Lambert v. Flynn, supra, 348 Mo. at 532, 154 S.W.2d at 57, when a court lacks jurisdiction (or "competency") to decide a particular question because its power to decide is limited under a public policy established by statute or otherwise [here Rule 78.04], the lacking element of jurisdiction cannot be conferred by consent. In the case at hand, the trial court could not consider the merits of the motion for new trial after ninety days. Consent would not change this situation nor confer jurisdiction upon the court.

For the reasons indicated, the judgment is affirmed.

RUARK, P. J., and STONE, J., concur.

---

8. Simmons v. Friday, 359 Mo. 812, 825, 224 S.W.2d 90, 98; State ex rel. Lambert v. Flynn, 348 Mo. at 532, 154 S.W.2d at 57; United Cemeteries Co. v. Strother, 342 Mo. 1155, 1161, 119 S.W.2d 762, 765

[1–5]. Cf. Schenberg v. Schenberg, supra, n. 7, 307 S.W.2d at 702 [13]. See also Kory v. Dodge, 174 Ark. 1156, 298 S.W. 505, 506; 21 C.J.S. Courts, § 85, pp. 127–131.