

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| AMANDA EVERETT, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | **WD85514** |
| | ) | **(consolidated with WD85629)** |
| VALERIE VANCE and | ) | |
| BEVERLEY VANCE, | ) | **Filed: December 12, 2023** |
| | ) | |
| Appellants. | ) | |

**Appeal from the Circuit Court of Jackson County**
**The Honorable Jennifer M. Phillips, Judge**

**Before Division Two: Janet Sutton, P.J., and**
**Alok Ahuja and Mark D. Pfeiffer, JJ.**

Valerie Vance and Beverley Vance appeal from a judgment entered by the Circuit Court of Jackson County following a bench trial. The circuit court granted Amanda Everett equitable relief and damages in connection with an earlier judgment which had been fraudulently procured by Valerie Vance. The Vances contend that the court lacked personal jurisdiction, subject matter jurisdiction, and authority to hear the underlying case. We dismiss Beverley Vance's appeal, because Everett voluntarily dismissed her claims against Beverley Vance prior to the entry of the circuit court's judgment. With respect to Valerie Vance's appeal, the circuit court's judgment is affirmed.

**Factual Background**[1]

On May 13, 2016, Amanda Everett and her husband signed a residential lease to rent a three-bedroom property in Blue Springs for two years, ending on May 31, 2018. The lease identified Beverley and Valerie Vance collectively as the "Landlord." Beverley[2] is Valerie's mother. Based on Valerie's statements, Everett believed that Valerie owned the house, and that Everett would pay rent to her. The record reflects that the house was actually owned jointly by Beverley and D.V., Beverley's then-husband and Valerie's father. Everett was unaware of D.V.'s ownership interest at the time. She paid her rent to Valerie through bi-weekly direct deposits.

On July 12, 2017, the Circuit Court of Jasper County awarded D.V. temporary possession of the Blue Springs house, including rental income generated by the home, as part of proceedings for dissolution of the marriage between D.V. and Beverley. D.V. sent a letter to the home's residents stating that he had possession, and instructing them to no longer make rental payments to Valerie. Everett stated that she spoke with Valerie concerning the letter, and Valerie told Everett that she should ignore the letter and not contact D.V., that Valerie owned the house, and that Valerie was an attorney who would take care of the matter.

On November 28, 2017, D.V. filed an unlawful detainer action in the Circuit Court of Jackson County against "unknown defendants" living at the Blue

---

[1] Because the circuit court did not make explicit factual findings, we "'must assume that all facts were found in accordance with the result reached.'" *Smith v. Brown & Williamson Tobacco Corp.*, 410 S.W.3d 623, 639 (Mo. 2013) (quoting *State v. Revels*, 13 S.W.3d 293, 297 (Mo. 2000)); *see* Rule 73.01.

[2] Because Beverley and Valerie Vance share the same surname, we refer to them by their first names for ease of reference. No familiarity or disrespect is intended.

Springs house. *See* No. 1716-CV25766. Everett received a summons in the case. Everett testified that she contacted Valerie, who told her not to appear at the hearing on D.V.'s petition; Valerie reiterated that she was a lawyer and would take care of it. Everett accordingly did not attend the hearing on D.V.'s unlawful detainer action on November 28, 2017. She received a notice to vacate the property in December 2017, which Valerie likewise told her to ignore.

In January 2018, D.V. and a sheriff came to evict Everett and her children from the property. Everett subsequently spoke with D.V., who agreed to allow her to stay in the house if she signed a new lease with him and paid rent to him, which Everett did on January 19, 2018. Everett then made rental payments to D.V. until she vacated the property. She believed she was no longer subject to the lease with Beverley and Valerie, since D.V. was the property's legal owner.

On February 7, 2018, Beverley filed her own unlawful detainer petition against Everett in the circuit court. *See* No. 1816-CV03274. The petition alleged that Beverley was entitled to possession of the property, and claimed damages in missing rent from January 1, 2018, in addition to interest and other damages.

On February 27, 2018, the court held a hearing on Beverley's unlawful detainer action. Everett appeared without an attorney, and consented to the entry of judgment against her. The judgment ordered that Everett pay money damages and fees, but granted a stay of execution on the entire monetary judgment so long as Everett vacated the property within ten days.

Everett vacated the property on March 6, 2018. Because it was her belief at the time that D.V. continued to own the property, she notified D.V. that she had vacated the property, and left the keys in the house.

3

In Beverley and D.V.'s divorce proceeding, the court granted possession of the Blue Springs house to Beverley on March 8, 2018.

On March 22, 2018, Beverley filed a Request for Writ of Execution for Restitution of Possession of the Property in her unlawful detainer action, claiming that Everett remained in possession. The court issued a Writ for Possession and Order of Eviction, and on April a restitution return was filed stating that Everett had been evicted on April 3. Everett claims that, to obtain the writ, Beverley misrepresented that Everett was still in possession of the property. Everett testified that she was not notified of Beverley's request for the writ of execution, or the court's issuance of the writ; on the contrary, she believed the matter had been concluded when she moved out on March 6, 2018.

On June 15, 2020, Valerie began filing garnishments against Everett on Beverley's behalf, based on the February 27, 2018 consent judgment. This included a garnishment directed to Everett's bank and her employer, claiming that Everett owed Beverley $12,602.54. Everett testified that $500.00 was garnished from her paychecks, per pay period, until she left her employment as of January 1, 2021.

On November 13, 2020, Everett began the present action against Valerie and Beverley in the Circuit Court of Jackson County, seeking equitable relief and damages based on her claim that the February 2018 consent judgment and subsequent garnishment orders had been procured by fraud. Everett alleged that she agreed to the February 2018 consent judgment based on Valerie's misrepresentations that Beverley, rather than D.V., was entitled to her rental payments. Everett also alleged that Valerie had pursued garnishment of Everett's

4

wages based on false representations that Everett had failed to vacate the property as required by the February 2018 consent judgment. Everett also contended that Valerie had made false representations concerning Beverley's mental competence to engage in legal proceedings on her own behalf, and had operated under a conflict of interest in representing Beverley in those proceedings. Everett asked the court: to set aside the February 2018 consent judgment and any subsequent orders entered in Beverley's unlawful detainer action; to grant Everett money damages in the amount of the garnishments collected by Valerie and Beverley; to grant her attorneys' fees, pre- and post-judgment interest, and costs; and to issue an injunction preventing Beverley and Valerie from engaging in further efforts to collect on the February 2018 judgment.

On April 28, 2021, Valerie made what she labeled a "limited" entry of appearance, in which she stated that she did not intend to waive any objections to personal and/or subject matter jurisdiction. The same day, Valerie filed counterclaims against Everett on behalf of herself and Beverley. Valerie's counterclaims contended that Everett had not vacated the property as required by the February 2018 consent judgment, that Everett was responsible for damages under the lease, and that she committed waste and otherwise damaged the property. Valerie also filed a motion to strike Everett's petition, contending that Everett's suit constituted an improper collateral attack on the consent judgment entered three years earlier. The circuit court denied the motion to strike.

Everett subsequently moved to dismiss Valerie's counterclaims; to disqualify Valerie from representing Beverley under 16th Circuit Rule 33.5 and Supreme Court Rule 4-3.7; and for appointment of a guardian *ad litem* to represent Beverley due to mental infirmity pursuant to Rule 52.02(k). The court granted the motion to appoint a guardian *ad litem* on Beverley's behalf, and disqualified Valerie from representing Beverley. The court denied Everett's motion to dismiss Valerie's counterclaims.

The circuit court conducted a bench trial on June 10, 2022. Prior to the beginning of trial, Everett and Beverley's guardian *ad litem* announced that they had reached a settlement, under which they each dismissed their claims against the other, and Beverley's guardian *ad litem* agreed to file a satisfaction of judgment as to the February 2018 consent judgment in the unlawful detainer case. On the same day, Everett and Beverley's guardian *ad litem* filed a dismissal with prejudice of their respective claims against one another pursuant to Rule 67.02(a), which expressly reserved Everett's claims against Valerie. The court then heard evidence on the remaining claims between Everett and Valerie; Everett put on evidence to support her claims, but Valerie did not.

The circuit court entered its judgment on July 7, 2022. The court vacated the February 27, 2018 consent judgment, and all subsequent orders in the unlawful detainer action, including garnishment orders; enjoined Valerie from engaging in future efforts to execute on the February 2018 judgment; and awarded Everett monetary damages in the amount of $35,754.61. The court also entered judgment in favor of Everett on Valerie's counterclaims.

Valerie filed a notice of appeal the same day the judgment was issued. Beverley filed a notice of appeal *pro se* on August 16, 2022. We consolidated the appeals.

## Discussion

### I.

At the outset, we conclude that Beverley lacks standing to appeal.

Beverley and Everett settled their claims against one another, and filed a joint dismissal with prejudice pursuant to Rule 67.02(a), which disposed of all of their claims against one another.[3] "After a plaintiff voluntarily dismisses an action pursuant to Rule 67.02(a), it is as if the suit had never been filed. At this point, the trial court loses jurisdiction over the case. Once the case is dismissed, any further action by the trial court is viewed as a nullity." *Applied Bank v. Wenzlick*, 344 S.W.3d 229, 231 (Mo. App. E.D. 2011) (citations and internal quotation marks omitted). Additionally, "[n]o appeal can be taken from the dismissal." *State ex rel. Frets v. Moore*, 291 S.W.3d 805, 812 (Mo. App. S.D. 2009) (citation omitted). Because Everett voluntarily dismissed her claims against Beverley before the circuit court entered its judgment, that judgment could not – and did not – award any relief against Beverley. The only claims that remained were between Everett and Valerie, and the circuit court's July 7, 2022 judgment only ordered relief against Valerie.

---

[3] Beverley does not challenge the circuit court's appointment of a guardian *ad litem* for her, or allege that the guardian *ad litem*'s agreement to a settlement, and execution of a joint dismissal on her behalf, were unauthorized. We accordingly do not address those questions. Given that we are dismissing Beverley's appeal for other reasons, we also do not address whether she was entitled to file this appeal *pro se*, after the circuit court had determined that appointment of a guardian *ad litem* was warranted under Rule 52.02(k) due to Beverley's mental infirmity.

Because she was not a party to the action at the time judgment was entered, and because she is not aggrieved by that judgment, Beverley lacks standing to appeal. *See* § 512.020 (granting right to appeal only to "[a]ny party to a suit aggrieved by any judgment of any trial court in any civil cause"); *State ex rel. Koster v. ConocoPhillips Co.*, 493 S.W.3d 397, 401 (Mo. 2016) ("a party seeking appeal 'is aggrieved when the judgment operates prejudicially and directly on his personal or property rights or interests and such effect is immediate and not merely a possible remote consequence'"; quoting *Ameristar Jet Charter, Inc. v. Dodson Int'l Parts, Inc.*, 155 S.W.3d 50, 57 (Mo. 2005)).

Beverley's appeal is dismissed.

## II.

In her single Point on appeal, Valerie argues that the circuit court erred by failing to dismiss Everett's petition, *sua sponte*, because the circuit court purportedly lacked personal jurisdiction; lacked subject matter jurisdiction; and lacked authority to consider a collateral attack on the judgment and orders entered in Beverley's separate unlawful detainer action. While Valerie's Point is arguably "multifarious," because it asserts that the judgment should be reversed for multiple reasons, we address her arguments on the merits "'[b]ecause we are able to discern the claims being made.'" *Jackson v. Mo. State Bd. of Nursing*, 673 S.W.3d 917, 920 n.4 (Mo. App. W.D. 2023) (citation omitted).

## A.

We first address Valerie's objection to personal jurisdiction.

Subject matter jurisdiction implicates the court's authority to render judgment in a certain category of cases; on the other hand, personal jurisdiction

8

addresses the court's power to require particular persons to respond to legal proceedings that affect their rights. *State ex rel. Heartland Title Servs., Inc. v. Harrell*, 500 S.W.3d 239, 241 (Mo. 2016) (citing *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 252 (Mo. 2009)). "While subject matter jurisdiction can never be waived, personal jurisdiction is an individual right to which a party can consent." *Heartland Title*, 275 S.W.3d at 241 (citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982)). Personal jurisdiction "is waived if not raised at the first opportunity." *Moore v. Crocker*, 674 S.W.3d 146, 150 (Mo. App. E.D. 2023).

> "A defendant waives personal jurisdiction when he is before the court and fails to properly raise the issue." The defendant will have been deemed to have waived the issues of personal jurisdiction, sufficiency of process, and sufficiency of service of process when "the defendant takes or agrees to some step or proceeding in the suit, other than contesting jurisdiction, that is beneficial to the defendant." In other words, "[i]f a party acts so as to recognize that a cause of action is pending and then takes steps that are clearly inconsistent with a lack of personal jurisdiction, the party waives his claim of lack of personal jurisdiction."

*Int. of A.R.B.*, 586 S.W.3d 846, 859 (Mo. App. W. D. 2019) (citations omitted).

Thus, in *A.R.B.*, a defendant filed an answer which made no reference to the court's lack of personal jurisdiction, insufficiency of process, or insufficiency of service of process; actively participated in discovery; and did not raise issues related to personal jurisdiction or service of process until answering a second amended petition. *Id.* at 860. We held that the defendant took steps that were clearly inconsistent with a lack of personal jurisdiction, and thereby waived any complaints as to that issue. *Id.*

9

Similarly, the Eastern District held in *Moore* that if a defendant first seeks affirmative relief before raising a challenge to personal jurisdiction, "any challenge to personal jurisdiction, sufficiency of process, or sufficiency of service of process is waived." 674 S.W.3d at 150. In that case, the defendants moved to set aside a default judgment. Their motion to set aside did not object to personal jurisdiction, and acknowledged that the defendants had received summonses. The Court held that, by seeking affirmative relief without asserting a lack of personal jurisdiction, the defendants had waived the issue. *Id.* at 151.

Valerie waived any objection to personal jurisdiction. She initially entered what purported to be a "limited" appearance, specifying that her appearance should not "be construed as waiving any requirements of personal and/or subject matter jurisdiction." Despite this "limited" entry of appearance, however, Valerie did not immediately raise any objection to personal jurisdiction. Instead, on the same day as her purportedly "limited" appearance, Valerie filed counterclaims seeking money damages and attorney's fees from Everett, and filed a "Motion to Strike Petition" seeking dismissal of Everett's petition on substantive grounds. Valerie filed written responses to Everett's motion to dismiss Valerie's counterclaims, the motion to disqualify Valerie from representing Beverley, and the motion to appoint a guardian *ad litem* for Beverley. She also requested a hearing on those motions. Valerie also filed a motion to dismiss, reiterating her claim that Everett's petition was an improper collateral attack on the February 2018 consent judgment. Despite her active participation in the litigation, Valerie did not assert that personal jurisdiction was lacking until the day of trial. Her

10

objection came too late; any objections to personal jurisdiction or service of process were long since waived.

**B.**

Valerie also contends that the circuit court lacked subject matter jurisdiction, because Everett's suit constituted an improper collateral attack on the February 2018 consent judgment in Beverley's unlawful detainer action, and on the subsequent orders in aid of execution entered in the unlawful detainer action. In contending that this is an issue of subject matter jurisdiction, Valerie cites to cases like *State ex rel. Lambert v. Flynn*, 154 S.W.2d 52 (Mo. 1941), which held that, in addition to jurisdiction over the subject matter and over the person, the "third essential" form of jurisdiction was "jurisdiction to render the particular judgment in the particular case (sometimes called 'competency')." *Id.* at 57.

Valerie's "collateral attack" argument does not involve the circuit court's jurisdiction. The concept of "jurisdictional competence" on which Valerie relies was repudiated by the Missouri Supreme Court in *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. 2009). *Webb* recognized that "[i]n evaluating the jurisdiction of circuit courts, there are cases that, in *dicta*, purport to recognize a . . . concept, 'jurisdictional competence,' which often is confused with subject matter jurisdiction." *Id.* at 254. *Webb* explained that, in earlier cases, an issue of "jurisdictional competence" was said to arise when "'there is no question as to the court's authority to decide the general issue before it, but there is a question whether the issue or parties affected by the court's judgment are properly before it for resolution at that time.'" *Id.* (citation omitted). *Webb* flatly rejected this concept of "jurisdictional competence." It declared: "the courts of

11

this state should confine their discussions of circuit court jurisdiction to constitutionally recognized doctrines of personal and subject matter jurisdiction; there is no third category of jurisdiction called 'jurisdictional competence.'" *Id.*

After *Webb*, in order to determine whether the circuit court had subject matter jurisdiction, we need only ask whether this case falls within Article V, § 14 of the Missouri Constitution, which provides that "[t]he circuit courts shall have original jurisdiction over all cases and matters, civil and criminal." *See Webb*, 275 S.W.3d at 253-54.  This analysis "makes simple the task of determining jurisdiction:  The present case is a civil case.  Therefore, the circuit court has subject matter jurisdiction and, thus, has the authority to hear this dispute." *Id.* at 254; *see also*, *e.g.*, *Geiler v. Liberty Ins. Corp.*, 621 S.W.3d 536, 543-544 (Mo. App. W.D. 2021).  Valerie's claim that the circuit court lacked subject matter jurisdiction is meritless.

## C.

Valerie also contends that the circuit court lacked authority to consider Everett's claim that the February 2018 consent judgment, and the orders executing it, were procured by fraud.  Valerie is once again incorrect.

Rule 74.06(b) allows a party to move for relief from a judgment or order for fraud or misrepresentation, in the action in which the judgment was rendered.  Such a motion must be filed within one year after the judgment or order was entered.  Rule 74.06(c).  Rule 74.06 does not provide the exclusive remedy for a fraudulently obtained judgment, however; the Rule states that it does not "limit the power of the court to entertain an independent action to

relieve a party from judgment or order or to set aside a judgment for fraud upon the court." Rule 74.06(d).

This means that "[o]nce the time for filing a Rule 74.06(b) motion expires, Rule 74.06(d) leaves open the possibility for an independent cause of action in equity based on extrinsic fraud wherein the trial court may set aside a final judgment." *Keithley v. Shelton*, 421 S.W.3d 502, 506 (Mo. App. S.D. 2013) (citation and internal quotation marks omitted). There is no time limit for bringing an independent action for relief from a judgment due to fraud. *Id.* (citing *McKarnin v. McKarnin*, 795 S.W.2d 436, 439 (Mo. App. W.D. 1990), in turn citing *In re Marriage of Brown*, 703 S.W.2d 59, 60 (Mo. App. E.D. 1985)).

Valerie does not contend that Everett's petition failed to allege the sort of "extrinsic fraud" which can support an independent action for relief from judgment. Nor does Valerie challenge the sufficiency of Everett's evidence at trial to prove that such "extrinsic fraud" had occurred. Instead, Valerie argues categorically that Everett's petition for relief from the judgment was an impermissible collateral attack on the February 2018 consent judgment, which the circuit court was required to dismiss *sua sponte*. Because an independent action for relief from judgment based on fraud is available in at least <u>some</u> circumstances, we reject Valerie's argument that the circuit court was wholly without authority to entertain Everett's petition. We express no opinion concerning the adequacy of Everett's allegations or proof of fraud, since Valerie does not challenge those matters.

In the fact statement and argument section of her brief, Valerie makes additional arguments, such as a claim that the circuit court failed to make

adequate findings of fact, and that Everett's action is barred by *res judicata* or claim preclusion.  We do not address these additional arguments, since "'claimed errors that are raised only in the argument portion of the brief but not contained in a point relied on are not preserved for our review.'" *Maxwell v. Div. of Emp't Security*, 671 S.W.3d 742, 751 (Mo. App. W.D. 2023) (quoting *Lamy v. Stahl Specialty Co.*, 649 S.W.3d 330, 336 (Mo. App. W.D. 2022); other citations omitted); *see also* Rule 84.04(e) (specifying that "[t]he argument [section of an appellant's brief] shall be limited to those errors included in the 'Points Relied On.'").

## Conclusion

Beverley Vance's appeal is dismissed.  The judgment entered by the circuit court against Valerie Vance is affirmed.

_____
Alok Ahuja, Judge

All concur.

14