JOHN DEERE PLOW COMPANY, Appellant, v. C. W. BROWN et al.

Division One, July 31, 1924.

1. **EXECUTION: Motion to Quash: Sustained Without Evidence.** A motion to quash an execution, issued under a judgment against the husband alone, based on the alleged ground that it has been levied on land in which he and his wife have an estate by the entirety, cannot be sustained without evidence, or a waiver of evidence. The basis of relief sought by such a motion is the existence of an execution and a levy thereunder, and an execution is not a part of the record proper until it is returned, and until then the court out of which it issued cannot take judicial notice either of its issuance or of its levy by an officer.

2. ———: ———: ———: **Affidavit.** There is no statutory requirement that a motion to quash an execution or a levy, made in term time, be verified, and to verify the motion by affidavit does not make evidence of its contents.

John Deere Plow Co. v. Brown.

3. ———: ———: **Questions of Title and Fraud: Inappropriate Remedy.** A motion to quash an execution, in which it is alleged that "the title to the land levied upon under said execution is held by defendant and his wife as an estate by the entirety, and is not subject to seizure and sale under execution for the debts of the defendant husband alone, said real estate having been purchased from funds furnished by both the defendant and his said wife," tenders issues of title and possibly of fraud, which require an examination into the date when the title was taken in the joint names of husband and wife, and whether it was so taken to defraud his creditors; and a motion to quash the execution is not an appropriate proceeding to determine such issues, but to determine them resort must be made to other remedies in which the relief sought may be adequately adjudicated.

4. ———: ———: **Proceedings in Bankruptcy.** Pending the appeal from an order wrongfully sustaining a motion to quash an execution, respondent has filed a certified copy of the record of the Federal court, showing that he has been adjudged a bankrupt, accompanied by a motion that this proceeding be stayed until he receives his discharge in bankruptcy, and that it then be dismissed. *Held*, that the circuit court in which the judgment was rendered and whose process was invoked by the motion to quash the execution, is the proper forum in which to make such application, and the motion to stay is overruled without prejudice, and the order appealed from is reversed and the levy ordered re-instated.

Headnotes 1 to 3: Executions: 1, 23 C. J. sec. 432; 2, 23 C. J. secs. 430, 432; 3, 23 C. J. sec. 285 (1926 Anno). Headnote 4: Bankruptcy: 7 C. J. sec. 616.

Appeal from Morgan Circuit Court.—*Hon. John G. Slate,* Judge.

REVERSED.

*Jourdan, Rassieur & Pierce* for appellant.

(1) The action of the court in sustaining the motion to quash the levy without any evidence before the court to support any matter alleged in the motion, and in denying the right to defendant to be heard upon the motion, was a denial of due process of law, in contravention of both the State and Federal constitutions, Article XIV, sec. 1, Amendments to the United States Constitution;

Article II, sec. 30, Mo. Constitution. To rule upon and sustain the motion was to deprive the appellant of a lien upon real estate. (a) There was no evidence of any fact charged in the motion to quash. Without any evidence being brought before the court pertaining in any way to such lien, and denying appellant opportunity to be heard, the ruling of the court deprived the defendant of property without due process of law, since the action of the court was in contravention of due process in its primary definition and meaning. Hovey v. Elliott, 167 U. S. 409; Hunt v. Searcy, 167 Mo. 158; Jones v. Yore, 142 Mo. 38; Hennig v. Staed, 138 Mo. 434; State v. Loomis, 115 Mo. 312; Roth v. Gabbert, 123 Mo. 29. (b) The Fourteenth Amendment restrains judicial action of a state court. Scott v. McNeal, 154 U. S. 34; Virginia v. Rives, 100 U. S. 313; Ex parte Virginia, 103 U. S. 370, 397. (2) Before the court could sustain the motion to quash the levy it must have evidence before it that there was an execution and a levy. Blandon v. Martin, 50 Mo. App. 114; Meyer Bros. Drug Co. v. Bybee, 179 Mo. 366. (3) There was no proof whatsoever that any land levied upon, if such there was, was held by defendant and his wife as tenants by the entirety. (4) The court committed error in attempting to decide the question of title to real property in a summary order sustaining the motion to quash the levy. Freeman on Executions (3 Ed.) p. 1528; 23 Corpus Juris, 470, 545.

RAGLAND, J.—This is an appeal from an order of the circuit court quashing the levy of an execution upon certain lands.

On December 14, 1921, a general money judgment was rendered by the Circuit Court for Morgan County in favor of plaintiff and against defendant for the sum of $6320.82. Subsequently, on August 15, 1922, the following proceedings were had in that court, according to a record entry:

"Now on this 15th day of August, 1922, comes the defendant C. W. Brown by his attorneys and files herein his motion praying the court to quash the levy heretofore made upon lands, under execution issued herein, and the court, upon hearing said motion and the argument of counsel for plaintiff and defendant, but without hearing any evidence in behalf of either party, doth sustain said motion and doth order that said levy be null and void and for naught held."

The motion to quash as disclosed by the bill of exceptions was as follows:

"Comes now the defendant and moves the court to quash the levy under execution issued from this court on judgment heretofore rendered in this court in favor of plaintiff and against the defendant for the following reasons, to-wit:

"Because the title to the land levied upon under said execution is held by the defendant and his wife, Elizabeth L. Brown, as an estate by the entirety and is not subject to seizure and sale under execution for the debts of husband-defendant alone, and on which said land both defendant and his said wife now live as their home, and said real estate being purchased from funds furnished by both defendant and his said wife."

The motion was verified.

The bill of exceptions recites: "The court did not permit the introduction of any evidence in behalf of either plaintiff or defendant."

Plaintiff filed motions for a new trial and in arrest which were overruled. Exceptions to the rulings of the court were duly saved.

I. The action of the trial court cannot be sustained. It was based on facts which were purely hypothetical. No evidence was offered in support of the allegations of the motion, and the record is wholly barren of any suggestion of an admission or waiver that dispensed with proof. The very basis of the relief sought was the existence of an

execution and a levy thereunder and even this was not shown. [Blandon v. Martin, 50 Mo. App. 114.] An execution is not a part of the record proper (Smith v. Moseley, 234 Mo. 486, 489) until after it is returned (Sec. 2334, R. S. 1919), and until that time the court out of which it issued cannot take judicial notice of its issuance, much less of the action of an officer in making a levy under it. The motion was verified, but there is no statutory requirement that a motion to quash an execution or a levy, made in term time, be verified. [Heuring v. Williams, 65 Mo. 446.] As the verification was without statutory sanction, it was purely voluntary and did not make the motion evidence of its own contents. The verified motion, as evidence, was neither more nor less than a voluntary affidavit and as such was inadmissible. [Patterson v. Fagan, 38 Mo. 70; Patterson v. Maryland Insurance Co., 5 Am. Dec. 420.]

II.    The issues tendered by the motion called for the determination of questions of title and possibly of fraud. It was alleged that: "the title to the land levied upon under said execution is held by the defendant and his wife, Elizabeth L. Brown, as an estate by the entirety, and is not subject to seizure and sale under execution for the debts of husband-defendant alone, . . . said real estate being purchased from funds furnished by both the defendant and his said wife." When was the alleged title of the husband and wife acquired with reference to the dates of the judgment, execution and levy? Was it taken in their joint names for the purpose of defrauding his creditors? These and many other related questions which readily suggest themselves were at least potentially involved in the issues tendered. The proceeding was not an appropriate one for the determination of such issues. [Freeman on Executions (3 Ed.) 1528.] Title to real estate cannot be tried and determined on a motion to quash a levy under execution. [23 C. J. 47.] Some of the reasons for the rule find expression in State v. Clymer,

81 Mo. 122, 125, which involved the right of a stranger to the record to be heard on a motion to quash an execution. It was said: "The case at bar is an apt illustration of the difficulties suggested. K. Clymer, a stranger to the action, appears at the instant of the sale for the enforcement of plaintiff's judgment, and by mere motion, raises questions involving his identity with the person named in the writ, denying any title or interest of the defendant in the writ to the land levied on, and ready for sale, and alleging title in himself to the land. In this summary mode, without other form of pleading, *eo instanti,* the court is called upon, while the sheriff, perhaps, is waiting at the court-house door to proceed with the sale, to hear and determine these complex questions of personal identity and of the ownership of real estate. It was, certainly, never in the contemplation of the law, that the title to real estate, between a stranger to the record and the execution defendant, should be tried and disposed of in such a manner. The parties are entitled to a jury, and to time to prepare to try so grave issues, as provided by statute. Such a method would supersede the action of ejectment in many instances, as well as the orderly and graver proceedings by bills in chancery." That reasoning is just as applicable to the situation presented by the case at bar where the defendant himself attempts to set up title in a third person—that fictitious person in which the persons of husband and wife in contemplation of law are merged. There are other remedies available to the defendant and his wife which are fully adequate to furnish the relief sought and to one of them they must resort.

III. Pending the appeal respondent has filed here a certified copy of the record of the District Court of the United States for the Western District of Missouri showing that he has been adjudged a bankrupt, accompanied by a motion in which he asks that this proceeding be stayed until he receives his discharge in bankruptcy and that it then be finally dismissed. The circuit court in

which the judgment was rendered and whose process has been invoked for its enforcement is the proper forum in which to make such an application. The motion will be overruled without prejudice.

The order appealed from is reversed and the levy set aside by it re-instated. All concur.