IN THE MATTER OF THE ESTATE OF HARRY A. PHILLIPS, DECEASED,. ROBERT D. FIZETTE, CARTER E. FIZETTE AND HELEN FIZETTE HILSINGER (PLAINTIFFS), RESPONDENTS, v. RAWLINS PHILLIPS, (DEFENDANT), MUTUAL COMMERCE CASUALTY COMPANY, A CORPORATION, APPELLANT.—202 S. W. (2d) 107.

Kansas City Court of Appeals. Opinion delivered April 7, 1947.

*Moss H. Silverforb* and *Chas. N. Sadler* for appellant.

*John C. Meredith* and *Meredith & Harwood*, for respondents.

BLAND, P. J.—This is an appeal from the judgment of the court against the appellant, the Mutual Commerce Casualty Company, upon an appeal bond on which it was the surety.

The transcript bought here by the appellant is not very satisfactory from the standpoint of disclosing the facts giving rise to this appeal. The scantiness of facts results from the failure of the appellant to introduce in evidence in the Circuit Court the records of the Probate Court bearing on this controversy. However, we glean from the transcript filed that Harry A. Phillips, a resident of Kansas City, died intestate about May 12, 1941; that Carlton R. Benton was duly appointed administrator of his estate by the Probate Court of Jackson County; that thereafter proceedings were begun in said court by the heirs and next of kin of deceased and one Rawlins Phillips, claiming to be his son, seeking to have their status as next of kin established and have a distribution of the proceeds of the estate made to them. The contest over the distribution of the estate was between the said Rawlins Phillips on the one hand, and Robert D. Fizette, a nephew of the deceased, Carter E. Fizette and Helen Fizette-Helsinger, children of a deceased nephew, (all hereinafter referred to as the Fizettes) on the other hand.

The transcript recites that this action was commenced in the Probate Court of Jackson County, Missouri, on December 21, 1942, by a motion requesting that the court declare the Fizettes the sole and only heirs at law of the deceased, and asking for a distribution. However, the recitations in the motion, itself, show that it was not the first proceeding in the case; that a like proceeding had been instituted by the Fizettes, and one by Rawlins Phillips; that one of the objects of the last proceeding by the Fizettes was to obtain a rehearing on their former application, which evidently had been denied, on the ground of newly discovered evidence. The motion also asked for the exclusion from the evidence of certain affidavits and documents that had theretofore been introduced in evidence by Rawlins Phillips as "heir claimant herein".

From the recitals of the judgment of the Probate Court made upon this last application by the Fizettes it appears that Rawlins Phillips had filed an application to be adjudged the heir and have distribution, and that a judgment had been rendered against him on October 1st, 1942. There is other information furnished by the transcript to the effect that from this judgment Rawlins Phillips appealed to the Circuit Court on October 22, 1942; that the appeal was dismissed by Rawlins Phillips on May 1, 1943; that on the same day the Probate Court, on the ground of newly discovered evidence, set aside the order and judgment rendered on October 1, 1942, wherein Rawlins Phillips was found not to be an heir and distributee of the estate of deceased, and rendered judgment decreeing that Rawlins Phillips

was the son and sole and only heir of the deceased, and ordered a partial distribution of the estate to him and, in the same judgment, decreed that the Fizettes had no right, title or interest in the estate.

The Fizettes appealed from the last mentioned judgment and executed an appeal bond in the penal sum of $1000 with Lee Ticehurst as surety. The bond was in favor of the administrator as obligee. This bond plays no figure in the case. Afterwards a new appeal bond was required by the Circuit Court. This bond was signed by Robert D. Fizette and Helen Fizette Hilsinger as principals and Ticehurst as surety. It was not executed by Carter E. Fizette. The bond was in favor of Rawlins Phillips as obligee.

The case came on for trial in the Circuit Court and, at the conclusion of the evidence, the court found that Rawlins Phillips was the sole and only heir and distributee of the estate of the deceased, and rendered judgment in his favor, and against the Fizettes, and rendered a further judgment on the appeal bond last mentioned in favor of Rawlins Phillips and against Robert D. Fizette and Helen Fizette Helsinger and Lee Ticehurst as surety, in the sum of $1000 and damages, including costs, accruing and sustained by reason of the appeal. The bond, not having been executed by Carter E. Fizette, no judgment was rendered against him as to it.

On August 19, 1944, Rawlins Phillips, the judgment creditor, entered into an agreement with Lee Ticehurst, surety on the appeal bond, wherein it was agreed that the surety pay said Phillips $500 in consideration of the latter's releasing the judgment against the surety, and it was further agreed that Phillips would use reasonable diligence to collect the judgment rendered by the Circuit Court from the other judgment debtors, Robert D. Fizette and Helen Fizette Hilsinger, and after the collection of the judgment to deduct therefrom reasonable costs and expenses including attorneys' fees and. $32.90 costs paid by Rawlins Phillips, the creditor, the net amount so arrived at to be divided between Lee Ticehurst and Rawlins Phillips. In pursuance of this contract and, on the same day, Rawlins Phillips entered on the margin of the record of the judgment a formal release of the judgment against Ticehurst, expressly retaining all of the former's rights against Robert D. Fizette and Helen Fizette Helsinger.

On July 11, 1944, the Fizettes appealed to the Supreme Court and, on September 6, 1944, an appeal bond was given in the sum of $2000 with the three Fizettes as principals and the appellant, the Mutual Commerce Casualty Company, as surety.

Thereafter, the appeal was dismissed and, subsequently, Rawlins Phillips filed a motion for a judgment on the appeal bond. The court rendered the judgment herein complained of and appealed from; said judgment being in the sum of $1065.80 and to bear interest at 6% from June 29, 1944.

Appellant insists that the court erred in rendering judgment upon the appeal bond for the reason that the judgment of the Circuit Court from which the appeal was taken to the Supreme Court is void upon its face—in that Carter Fizette was a party to the cause and the judgment in no wise disposes of the issues as to him; that if the judgment for this reason is not void, at least, it is not a final judgment from which an appeal would lie. We think there is no merit in these contentions.

Sections 284, 285, 286 and 287 Revised Statutes Missouri 1939, providing for appeals from the Probate Court to the Circuit Court clearly show that not all persons aggrieved by the judgment appealed from are required to take an appeal in order for any one or more of them to do so, but contemplate that any such person or persons may take an appeal. Section 287 requires that a bond be filed by any one taking an appeal but it is held that this requirement is not jurisdictional and the failure to give it is merely an irregularity. (Estate of Wm. G. Williams, 62 Mo. App. 339.) We have no doubt but that the Circuit Court acquired jurisdiction of the cause, even as to Carter E. Fizette, although he did not join in the execution of the bond. In fact, there is no claim made to the contrary. The judgment rendered by the Circuit Court in that appeal is a general judgment against all appellants including Carter E. Fizette and, in addition, a judgment on the appeal bond as against the appellants who executed the same and the surety. By reason of the general judgment on the merits Carter E. Fizette may be liable for his portion of the costs but it is well settled that, for the purposes of an appeal, a judgment need not necessarily dispose of the matter of costs. (Marsala v. Gentry, 232 S. W. 1046.) Carter E. Fizette, not being a party to the bond, no judgment could have been rendered against him upon the bond. We are of the opinion that the judgment was properly entered in the form as it appears in the record; that it disposes of the issues as to all the parties, and is a final judgment for the purposes of appeal.

However, it is insisted that the judgment of the Circuit Court is void for the reason that the judgment of the Probate Court appealed from is void because the latter court lacked jurisdiction to render it, and the jurisdiction of the Circuit Court is derivative; that the Probate Court, having no jurisdiction, the Circuit Court had none on appeal. It is urged that the judgment of the Probate Court declaring Rawlins Phillips the sole heir of the deceased and ordering a distribution is void for the reason that it purports to set aside the order of October 1st, 1942, declaring Rawlins Phillips not an heir of the deceased, and that said judgment of October 1st, 1942, having been rendered at a prior term of the Probate Court, the Court had no jurisdiction to set it aside.

This contention requires an examination of the nature of the proceeding. In the first place it may be stated that the proceeding was not one in which the administrator was interested, as such, for the reason that, ordinarily, an administrator is not interested in the manner of distribution of the estate amongst the next of kin. (Smith v. Oliver, 157 S. W. (2d) 558; 24 C. J., p. 535.)

In this case the contest was solely between the Fizettes on the one hand, and Rawlins Phillips, on the other, in which each side sought to establish its rights to the estate of the deceased. We are of the opinion that the order of the Probate Court adjudging that none of these parties was an heir of the deceased and not entitled to distribution, including the judgment from which Rawlins Phillips appealed to the Circuit Court, are not final orders and judgments, for the reason that they are indefinite and inconclusive, the rights of the parties, as between themselves, not having been adjudicated. "It is essential to the very existence of a judgment that the sentence, order, or adjudication in question shall be that of a judicial tribunal, *determining the rights of parties,* in formal proceedings for that purpose, *in a final and definite manner".* (Italics ours.) (33 C. J., p. 1064. See, also, 33 C. J., pp. 1102-1104.)

"The proceeding to obtain a decree of distribution is not in the nature of a suit between party and party in which one seeks to recover a right withheld by the other; but is analogous in its character to a proceeding in rem, in which a decision between the parties before the court *settles the rights of all parties to the property in question".* (24 C. J., p. 508.) (Italics ours.)

No doubt a judgment refusing distribution to one claiming an interest in the estate is appealable, (Sec. 283 R. S. Mo. 1939; State ex rel. Gott v. Fid. & Dep. Co., 298 S. W. 83; Appeal of Mack, 41 Atl. (Conn.) 242, 244), but only in cases where the rights of the parties, as between themselves, are determined in a final and definite manner. (Young v. Byrd, 124 Mo. 590.)

We are of the opinion that the so-called judgment of the Probate Court from which Rawlins Phillips took an appeal was, in no sense, a final judgment, the rights of the parties, as between themselves, not having been adjudicated, and that the court was not deprived thereby from rendering the judgment of May 1st, 1943, at a subsequent term, wherein Rawlins Phillips was declared the sole heir and distributee of the deceased, and adjudging that the Fizettes had no right, title or interest in the estate. The fact that in this latter judgment the former order, adjudging Rawlins Phillips not an heir of deceased, was set aside at a subsequent term to its rendition is of no importance and the order as to that matter can be regarded merely as surplusage and not affecting the validity of the new judgment.

Appellant insists that Rawlins Phillips extinguished the judgment against Robert D. Fizette, Helen Fizette and Lee Ticehurst as surety

on the bond given in the appeal from the Probate Court by making a settlement and releasing Lee Ticehurst; that when the judgment was rendered in the Circuit Court upon the appeal bond, Ticehurst became a judgment debtor along with the principals in the bond, and Rawlins Phillips, having settled with Ticehurst, extinguished the judgment and left nothing from which to appeal; hence, under the circumstances, there can be no liability upon the appeal bond which it executed as against the appellant.

We think that the appellant is mistaken in its views as to the relationship between the parties to the appeal bond in said appeal given in the Probate to the Circuit Court. It seems to be the contention of the appellant that after judgment was rendered on this bond in the Circuit Court that it and all of the judgment debtors became primarily liable for the debt. There is no merit in this contention. "In 4 Corpus Juris, 1289, sec. 3403, the law is stated thus: 'Successive appeal bonds given in the same proceedings on further appeal are cumulative, and liability on the first bond is fixed by the intermediate judgment of affirmance, which in turn is superseded by the second bond, and the final judgment of affirmance fixes the liability on both. The second bond is primarily liable, and after the second bond is exhausted, the first is liable for any remaining deficiency.' " (Gary Realty Co. v. Swinney, 17 S. W. (2d) 505, 509. See, also, Hoppe v. Boerger, 116 S. W. (2d) 195, 198, 199; 50 C. J., p. 315.) "While as stated above, payment by one of several primarily liable extinguishes the original debt or judgment, it is otherwise when payment is made by one standing in the relationship of surety or guarantor. It is generally held that in equity when one standing in such relationship pays he is, at least as against the debtor primarily liable, subrogated to all the rights and remedies of the creditor, and this even without a formal assignment of the debt or judgment, if the intent was not to extinguish same but keep it alive for the purpose of enforcing the rights of the paying surety." (Phelps v. Scott, 30 S. W. (2d) 71, 75.)

In the case before us not only was the payment made by the surety who was released, but in the release the creditor expressly retained all of his right in the judgment against the two principal debtors. This shows that it was not the intention to release any part of the judgment or to extinguish it in any way as against the principal debtors. "It is well established that where a judgment is rendered against a principal and surety, and the surety pays the judgment, judgment is not necessarily thereby extinguished. If the intention was not to extinguish the judgment, the surety so paying it is entitled to an assignment of such judgment, with all the rights and liens which attach to it in the hands of the creditor." (Schuchman v. Roberts, 133 S. W. (2d) 1030, 1035) The principals were not

released. When Ticehurst was released on the margin of the record of the judgment Rawlins Phillips retained all of his rights thereunder against the two principals.

This was done prior to the execution and delivery of the bond by the appellant. There was no change in the status or relationship between the parties by reason of the judgment upon the appeal bond given in the appeal from the Probate Court, and the obligation of the principals was the obligation assumed by the present appellant on the bond. Ticehurst paid the $500 to release himself from the judgment as surety, not as a payment on the debt. The debt was not only not released but appellant is not entitled to have its liability upon the bond reduced to the extent of $500, the amount paid by Ticehurst.

It is insisted that the court erred in allowing attorneys' fees, in fixing the amount of damages on the appeal bond given in the appeal from the Probate to the Circuit Court. This is a collateral attack upon the judgment in that case, which the appellant is in no position to make on the grounds assigned. (4 C. J., p. 1271; State ex rel. Gott v. Fid. & Dep. Co., *supra*, l. c. 87, 88, 90; Union State Bank v. Am. Surety Co., 23 S. W. (2d) 1038.)

The judgment is affirmed. All concur.