**FLYNN v. JANSSEN et al.**

No. 43768.

Supreme Court of Missouri.

Division No. 1.

March 8, 1954.

Motion for Rehearing or to Transfer to Court en Banc Denied and Opinion Modified on Court's Own Motion April 12, 1954.

N. Murry Edwards, Ninian M. Edwards, St. Louis, for appellant.

Howard Elliott, Aubrey B. Hamilton, Edward D. Weakley, St. Louis, for respondents.

COIL, Commissioner.

Plaintiff-appellant has appealed from a judgment quashing an execution issued in the amount of $43,260, based upon an alleged judgment in that amount obtained by plaintiff-appellant (hereinafter called plaintiff) against defendant-respondent, Oscar Janssen (hereinafter called defendant). The transcript filed by plaintiff and signed by the trial judge recites parts of a judgment entered on December 4, 1952, and stating that defendant "take nothing by reason of his cause of action, as to Counts I, II, and III, and that plaintiff be discharged and go hence without day as to said Counts I, II, and III. * * * that the plaintiff have and recover of the defendant, Oscar Janssen, * * * on Counts II, III, and IV of plaintiff's petition, the aggregate sum of Forty Three Thousand Two Hundred and Sixty ($43,260.00) Dollars, and * * that execution issue therefor."

On December 12, 1952, defendant moved to set aside the verdict and judgment for plaintiff entered on Counts II, III, and IV of plaintiff's petition and to enter judgment for defendant as to said counts in accordance with defendant's motions for directed verdict filed at the close of all the evidence. Defendant also filed his motion for new

trial in which he asked a new trial "as to each of Counts II, III, and IV, of plaintiff's petition, and as to each of Counts I, II, and III, of his alternative counterclaim, * *," assigning 43·reasons therefor.

On March 12, 1953, the following "Memorandum for Clerk" was signed by the trial judge:

"Separate motion of defendant, Oscar Janssen Stainless Steel Tanks, Inc., a corporation, for judgment in accordance with such defendant's motion for a directed verdict as to Count I and separate motion for new trial as to said defendant as to Count I overruled.

"Separate motion of defendant, Oscar Janssen, doing business as Oscar Janssen Architects and Engineers, motion for judgment in accordance with such defendant's motion for a directed verdict as to Counts II, III and IV overruled.

"Separate motion of defendant, Oscar Janssen, doing business as Oscar Janssen Architects and Engineers, motion for new trial as to Counts II, III and IV sustained upon Counts 14, 15, 19, 21, 22 and 34 as set out in said motion."

The transcript further shows the court made and entered of record the following order in the permanent record book:

"The Court having heard and duly considered the separate motions of defendants, Oscar Janssen Stainless Steel Tanks, Inc., and Oscar Janssen, d/b/a Oscar Janssen Architects and Engineers, for judgment in accordance with such defendants' motion for a directed verdict as to Counts I, II, III and IV and separate motion of defendant Oscar Janssen Stainless Steel Tanks, Inc.; for a new trial as to said defendant as to Count I, heretofore filed and·submitted herein, and being sufficiently advised thereof, doth order that said separate motions be and the same are hereby overruled.

"The Court having seen and duly considered the separate motion of defendant, Oscar Janssen, d/b/a Oscar Janssen Architects and Engineers, for a new trial as to Counts II, III and IV, heretofore filed and submitted herein, and being fully advised thereof, doth order that said motion be and the same·is hereby sustained upon the 14th, 15th, 19th, 21st, 22nd, and 34th ground thereof, which are as follows: ·(Reporter's Note: These grounds are set out in motion for new trial at pages 2 through 17 of this transcript and therefore are not re-copied.)

"Thereupon it is ordered by the Court, that the verdict and judgment rendered herein on the 4th day of December, 1952, in favor of plaintiff and against the defendant Oscar Janssen, d/b/a Oscar Janssen Architects and Engineers, on Counts II, III and IV, for the aggregate sum of $43,260.00, be set aside, vacated and for naught held, and that this cause be reinstated upon the docket of this Court for further proceedings. as to said Counts II, III and IV."

On April 3, 1953, defendant filed a "petition to quash" a writ of execution which he alleged had been issued against him in the amount of $43,260 on March 27, 1953, based upon the December 4, 1952, judgment, on. the ground that there was no such judgment in existence by reason of the fact that the judgment in that amount entered on December 4, 1952, had been set aside by the order of the court on March 12, 1953. The transcript then discloses that at certain proceedings in the St. Louis circuit court, attorneys for plaintiff and defendant were present, and that "On April 8, 1953 the petition of defendant Oscar Janssen to quash writ of execution, filed on April 3, 1953, by consent of all parties, was argued and submitted to the Honorable Ivan Lee Holt, Jr., Judge, presiding in Division No. 1 of the Circuit Court of the City of St. Louis, Missouri."

On April 10, 1953, Judge Holt entered the following order and judgment: "Petition of defendant Oscar Janssen to quash writ of execution granted. Execution No. 19360 Circuit Court City of St. Louis, returnable to the June Term, 1953, quashed and for naught held."

Defendant moved this court for·leave to file a supplemental transcript containing a copy of the writ of execution issued on March 27, 1953, accompanied by a statement

by Judge Holt that the question of its inclusion in the transcript on appeal was not before him because the original transcript, at the time the supplemental transcript was submitted to him, had been lodged in this court, and that "the contents of the supplemental transcript constitute matters considered by the court prior to ruling." Defendant also filed a motion to dismiss the appeal. The parties have briefed both motions.

Defendant's motion to dismiss the appeal is overruled for reasons hereinafter stated. Our view as to defendant's motion for leave to file a supplemental transcript will appear in our disposition of plaintiff's first contention on the merits to which we now turn.

Plaintiff initially contends that the trial court erred in sustaining the petition to quash for the reason that no evidence was offered to support the allegation that an execution had been issued; and that the petition did not allege that any levy had been made upon defendant's property and therefore the petition did not state facts upon which defendant could be granted relief. We think these contentions are without merit.

██ The recitation in the original transcript, supra, that the petition to quash was argued and submitted to the trial court compels our conclusion that the trial court had before it, either by admission of the parties or by the physical presence of the original or a copy of the execution itself, the *fact* that an execution had been issued based upon the judgment rendered on December 4, 1952; and our further conclusion that plaintiff and defendant argued and submitted the matter to the court upon the essential premise that an execution based upon that judgment had in fact been issued. We are therefore not concerned with whether the supplemental transcript (containing a copy of the execution itself) is or

is not filed. This, for the obvious reason that we, like the trial court, are concerned only with the *fact* of whether an execution, based upon the December 4, 1952, judgment, was issued. Consequently, we need not rule defendant's motion for leave to file a supplemental transcript.

Plaintiff, in support of his initial contention, has cited the cases appearing in footnote [1]. The First National Bank, the Nichols Wire & Sheet Company, and the Oliver Chilled Plow Works cases are based upon the John Deere case, all four having been decided concurrently. The John Deere and the Blandon cases involved motions to quash the levies of executions made upon lands. The Blandon case sustained the trial court in overruling defendant's motion to quash because it did not appear from the record that the execution or the levy was introduced in evidence. The appellate court held that there was a total failure of proof below; that in the absence of an admission by the parties, the defendant must prove his averment of such levy. In the John Deere case, the court pointed out that there was no evidence offered in support of the allegations of the motion to quash, that the court could not take judicial notice of the issuance of the execution or the levy under it, and that the motion to quash itself was no probative evidence of the facts stated in it. The decisive reason for our ruling in the John Deere case, however, was that the proceeding was not an appropriate one to determine issues involving title to real estate. The School District case held that the trial court would have been justified in overruling a motion to quash a writ of restitution on the ground that no evidence had been introduced to prove that the writ had been issued or served.

None of these cases is controlling in the circumstances of the instant case for the reasons heretofore set forth. As will appear, the sole question in the court below

[1]. John Deere Plow Co. of St. Louis v. Brown, 305 Mo. 182, 264 S.W. 675; Blandon v. Martin, 50 Mo.App. 114; School District No. 24 v. Mease, Mo.App., 205 S.W.2d 146; First Nat. Bank v. Brown, Mo.Sup., 264 S.W. 677; Nichols Wire & Sheet Co. v. Brown, Mo.Sup., 264 S.W. 677; Oliver Chilled Plow Works v. Brown, Mo.Sup., 264 S.W. 677.

was whether the December 4, 1952, judgment was a valid, existing final judgment at the time the execution based thereon was issued. There is no contention here (indeed it was admitted to the contrary at oral argument), that an execution was not in fact issued based upon the judgment.

■ As to the further contention that the petition to quash did not allege that there had been a levy of the execution, suffice to state that defendant was entitled to relief if an execution had been issued against him on a nonexistent judgment irrespective of whether there had been any levy thereunder.

■ This brings us to the narrow remaining question: Was the order of the trial court, purporting to sustain defendant's motion for new trial, void upon its face including the record of the proceedings upon which it was based? An order made by a court in the course of a judicial proceeding imports the same absolute verity as does a judgment. State ex rel. Spratley v. Maries County, 339 Mo. 577, 580[2], 98 S.W.2d 623, 624[3–5]. Thus an order or judgment (at least one which is not absolutely unintelligible) cannot be void on its face or an absolute nullity if it appears that the court which entered it had jurisdiction of the parties and of the subject matter and had jurisdiction to enter the particular order. In this case, it is apparent (and there is no contention to the contrary) that the trial court did have jurisdiction of the parties and of the subject matter, and did have jurisdiction to enter an order on defendant's motion for new trial. The instant order purports to sustain a motion for new trial and to set aside a judgment. It obviously is not absolutely unintelligible. Such an order, made by a trial court who had jurisdiction to make it, conclusively demonstrates that the order is not void on its face or a nullity. However erroneous such an order may be, whatever ambiguities or infirmities may exist in it, however lacking in clarity or completeness (at least short of absolute unintelligibility), and the extent to which the order may be irregular or defective, are all matters which are cor-

rectible on appeal from the order granting or purporting to grant a new trial. Thus, we hold that the order is not void on its face and therefore is not subject to collateral attack on this appeal. Kristanik v. Chevrolet Motor Co., 335 Mo. 60, 69[7], 70 S.W.2d 890, 894[10].

■ We may state, however, that were it proper on this appeal to determine whether the trial court's order, reasonably construed, did in fact set aside the December 4, 1952, judgment, we should have no hesitation in holding that the order clearly did so. The alleged ambiguity to which plaintiff points, and which he says made the order meaningless, unintelligible and, he says, thereby void and a nullity, is this: defendant's motion for new trial asked the court to grant him "a new trial as to each of Counts II, III, and IV of plaintiff's petition and as to each of Counts I, II, and III of his alternative counterclaim"; the court's memorandum to the clerk recited that defendant's motion for new trial "as to Counts II, III, and IV sustained upon Counts 14, 15, 19, 21, 22, and 34 as set out in said motion", and did not specify that Counts II, III, and IV were counts of plaintiff's petition rather than Counts II and III of defendant's counterclaim. The order of the court appearing in the permanent record book based upon the court's memorandum to the clerk, after reciting that defendant was granted a new trial as to Counts II, III, and IV on the grounds theretofore noted, then proceeded by specific language to set aside the verdict and judgment rendered and entered on December 4, 1952, in favor of plaintiff and against defendant on Counts II, III, and IV in the aggregate sum of $43,260. Thus, the court, by its final order in its permanent record, eliminated any possible ambiguity which could reasonably be said inhered in the memorandum to the clerk. The court's final order demonstrated that the Counts II, III, and IV referred to were counts of plaintiff's petition upon which recovery had been had; there had been only one verdict and one judgment aggregating $43,260, and that, on Counts II, III, and IV of plaintiff's petition. So, when the trial court set aside that judg-

ment, there was no possible basis for the contention that the order was a nullity because either the memorandum to the clerk or the final order did not use the words "of plaintiff's petition" in referring to Counts II, III, and IV. Plaintiff's contention is wholly without merit. The defect, if any, in the memorandum to the clerk and in the court's final order was that it contained no ruling on defendant's motion for new trial as to Counts I, II, and III of his alternative counterclaim. This omission, however, simply resulted in that motion having been automatically overruled at the expiration of ninety days. Section 510.360 RSMo 1949, V.A.M.S. But such in no way affects the clarity or validity of the order setting aside plaintiff's judgment for $43,-260, entered on Counts II, III, and IV of plaintiff's petition.

■ Plaintiff's argument that the order in the record book was the clerk's order and not the order of the court is baseless. On the record before us, and irrespective of the mechanics involved in entering the final order in the permanent record, the fact remains that the order in the permanent record book was and is the solemn order of the court which imported absolute verity to the same extent as would a final judgment. State ex rel. Spratley v. Maries County, supra.

We need not reach the question as to what extent a memorandum to a clerk may be considered as affecting the meaning or validity of a trial court's final order. Suffice to say that in the instant case the court's order, entered in the permanent record as the court's final order, removed the doubt, if any, as to the meaning of the memorandum to the clerk.

Plaintiff's cases, such as State ex rel. Caldwell v. Cockrell, 280 Mo. 269, 217 S.W. 524, Bishop v. Bishop, Mo.App., 151 S.W.2d 553, and Fizette v. Phillips, 240 Mo.App. 9, 202 S.W.2d 107, have no application to the matter here involved. Those cases hold that a judgment must be sufficiently certain that its terms are enforceable; that a clerk is a ministerial officer with no authority to enter a judgment not pronounced by the

court; and that the entry by a clerk of a judgment not pronounced by a court is a nullity. Here, of course, the order entered was the order of the court. There is no suggestion to the contrary. The memorandum to the clerk was consistent with the court's order as it appeared in the permanent record book.

■ Defendant's motion to dismiss this appeal—on the ground that it amounts to a collateral attack on the validity of an order of the circuit court and that plaintiff's sole remedy was by appeal from the order sustaining defendant's motion for new trial —is overruled. This for the reason that, under the particular facts presented, the judgment sustaining the motion to quash the execution was a final judgment for purposes of appeal. It is true that a motion to quash an execution cannot be substituted for an appeal. Baumgartner v. Cloud, Mo. App., 218 S.W.2d 793, 794[1, 2]. And, of course, we may not examine the matter of the correctness of the trial court's order sustaining defendant's motion for new trial. But we should determine and we have determined on this appeal plaintiff's contention that there was a valid existing judgment to support his execution which, in turn, depended upon the sole question of whether the order purporting to set aside the December 4, 1952, judgment was void on its face and a nullity. And we have appellate jurisdiction because the amount in dispute (the monetary value to either party of the relief granted or denied) is determined by the amount for which the execution was issued, in this instance, $43,260. Rostenberg v. Rostenberg, Mo. App., 199 S.W.2d 894.

The judgment is affirmed.

VAN OSDOL and LOZIER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.