**STATE of Missouri, ex rel. John E. ROBINSON, Petitioner,**

v.

**Jack CORUM, Sheriff, Respondent.**

**No. WD 37468.**

Missouri Court of Appeals,
Western District.

July 29, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 1986.

Application to Transfer Denied
Oct. 14, 1986.

Bruce C. Houdek, James, Millert, Houdek, Tyrl & Sommers, Kansas City, for petitioner.

J. Michael Murphy, Liberty, for respondent.

Before BERREY, J., Presiding, CLARK, C.J., and DIXON, J.

DIXON, Judge.

This is a habeas corpus proceeding testing the propriety of a parole revocation. The issue is whether the state's concealment of its principal witness from the petitioner constitutes a denial of due process.

Petitioner John E. Robinson was convicted in December 1981 of stealing. He was sentenced to a term of seven years and then granted probation for a five-year period with 60 days "shock time" in the Clay County Jail. He was also ordered to make restitution to the victim of the theft in the amount of $50,000 with interest in compliance with a civil settlement agreement reached between petitioner and the victim. The petitioner had made restitution in the amount of $41,114.46 by mid–1985, when the instant proceeding began.

This proceeding was initiated by a report to petitioner's probation officer from an agent of the Federal Bureau of Investigation. The agent reported that a young girl was staying in an apartment rented by the petitioner. The probation officer was aware of the petitioner's providing the apartment for use in a charitable program for assisting young mothers conducted in connection with Truman Medical Center. At the parole violation hearing, there was a hearsay statement admitted that the hospital social workers had reported that a mother and baby in this program were "missing." There is not an iota of evidence in this record that petitioner had anything to do with the circumstance of the "missing" persons.

The FBI agents Lavin and Dancer went to the apartment and interviewed Theresa Williams. After the interview they moved her to a different location. At that time, the agents took Theresa Williams to the 63rd Street police station where she was also interviewed by the petitioner's probation officer. These interviews took place June 7, 1985. On June 12, 1985, a parole violation report was filed charging petitioner with violating probation by possessing or using a controlled substance, possessing a firearm, associating with known drug users and dealers, and lying to his probation officer.

Petitioner filed a notice to take the depositions of the probation officer Haymes and FBI agents Lavin and Dancer. He also sought to serve a deposition subpoena on Theresa Williams, the state's principal witness in the case. The subpoenas were served upon witnesses Haymes, Lavin and Dancer, but petitioner was unable to serve the subpoena on Theresa Williams. Haymes, Lavin and Dancer failed to appear for their depositions and a motion to quash the subpoenas was filed. After a hearing, the court entered its order of July 19, 1985, directing that Haymes, Lavin and Dancer appear for their depositions and answer questions propounded to them, with certain restrictions. Those depositions were taken.

All three witnesses refused to answer many of the questions.

Petitioner filed a motion to compel answers to deposition questions, for production of documents subpoenaed for the depositions, and for the production of Theresa Williams for deposition. The court overruled petitioner's motion to compel and refused to require the state to produce Theresa Williams for her deposition.

Among questions which the witnesses refused to answer were those asking the location of the witness Theresa Williams. Acting on the advice of an attorney, the agents had steadfastly refused to disclose the whereabouts of the witness. The instant case presents the situation of FBI agents instigating a parole violation report, admittedly sequestering the witness and refusing to disclose her whereabouts. These actions were condoned by the trial judge's refusal to compel the witnesses' answers.

During the eventual probation revocation hearing, Theresa Williams testified to petitioner's possession of marijuana and a weapon. The probation officer contended the petitioner had not been truthful concerning petitioner's continued rental of the apartment.

The record clearly shows that the state probation officer and the FBI agents assisting him in the investigation contacted Theresa Williams, interviewed her and then moved her from her place of residence. The agents asserted this was for her protection. Theresa Williams said she had not been concerned for her safety before she was interviewed by the agents. The FBI agents and the probation officer moved Theresa Williams on at least three different occasions and provided her with approximately three hundred fifty dollars ($350.00) in cash and an airline ticket.

Petitioner made continuing efforts to serve a deposition subpoena on Theresa Williams, but was unsuccessful. Counsel for petitioner agreed to take Williams's deposition at the office of the prosecuting attorney or at any other location agreed to by the parties, and agreed to take the depo-

sition without petitioner being present. Counsel for petitioner never saw Theresa Williams until the morning of trial when the court gave petitioner's counsel "permission" to interview her; however, Williams refused to talk to petitioner's counsel.

Theresa Williams was the sole witness against petitioner concerning the only significant alleged violations of the probation conditions which the court found petitioner to have actually violated. Other than the statements of Theresa Williams that petitioner gave her what he said was marijuana and that petitioner possessed something that looked like a gun but which Williams did not know to be real, there was no other evidence that petitioner had violated those terms of his probation.

■ The refusal of the court to direct the FBI agents and the parole officer to answer proper questions upon being deposed denied petitioner the ability to fully and properly prepare for the hearing.

■ Although a defendant in a proceeding for revocation of probation is not entitled to all rights accorded a defendant in a criminal trial, he is entitled to notice of the violation, disclosure of the evidence against him, the right to confront and cross-examine adverse witnesses and assistance of counsel. *Moore v. Stamps*, 507 S.W.2d 939, 945 (Mo.App.1974); *Reiter v. Camp*, 518 S.W.2d 82, 87 (Mo.App.1974).

Here the court granted petitioner the right to depose the witnesses against him, but then permitted that right to be frustrated by refusing to order the witnesses to answer appropriate questions, and by permitting the probation officer and the attorney for the state to secrete the principal state witness and thus avoid service of a deposition subpoena upon her.

There cannot be the least doubt that the actions of the probation officer and the FBI agents denied petitioner due process of law.

The state does not dispute the facts. The only response by the state is that *Moore v. Stamps* and *Reiter v. Camp* provide that a probationer in proceedings for

parole violation is not entitled to all of the rights accorded in a criminal trial. That may be so, but the "liberty rights" of the probationer are implicated in such a hearing and the conduct in this case is below any minimal standards of due process. The hearing on a parole violation is a truth-seeking hearing. Any lawyer knows that the only tool to expose an untruthful witness is a cross-examiner armed with knowledge about the witness he is confronting. Information and knowledge that can be helpful in such a cross-examination cannot be effectively garnered when the witness is hidden. It is unnecessary to say in this case that the probationer is entitled to take the deposition of a witness in any event. It is sufficient in this case to say that the conduct in this case in actively thwarting the petitioner's attempts to prepare for the hearing will not be tolerated.

The order revoking the probation is reversed and the cause is remanded for a new trial on the issues presented by the parole violation report. The petitioner is to be given an adequate opportunity to prepare for a new hearing, free from any improper interference by the state.

All concur.