**In re William E. CARSON, Jr.**

**William E. CARSON, Jr., Petitioner,**

v.

**William J. PIERCE, Sheriff of Jasper County, Missouri, Respondent.**

**No. 16804.**

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 22, 1990.

William J. Fleischaker, Sylvia K. Byrnes–Ales, Roberts, Fleischaker & Williams, Joplin, for petitioner.

David C. Dally, Pros. Atty., Tim A. Wynes, Asst. Pros. Atty., Joplin, for respondent.

PARRISH, Judge.

This is an original proceeding in habeas corpus pursuant to Rule 91.01, *et seq.*

Petitioner Carson is presently being held in the custody of the respondent sheriff awaiting transport to the Department of Corrections to serve a ten-year sentence. In 1989, Carson pled guilty in the Circuit Court of Jasper County to the offense of selling a controlled substance, marijuana. Following a presentence investigation, Carson was sentenced to confinement by the Department of Corrections for a term of ten years. Execution of that sentence was suspended and probation was granted for five years on certain prescribed terms and conditions of probation.

A probation violation hearing was held February 1, 1990. The trial court found that petitioner had used cocaine, thereby violating one of his conditions of probation. Carson's probation was revoked.

Petitioner asserts that his probation violation hearing was constitutionally flawed and that he is being illegally restrained.

For the reasons hereafter stated, this court finds that petitioner's probation violation hearing did not afford petitioner the minimum standards of due process to which he is entitled. Petitioner is, therefore, illegally restrained by the respondent sheriff. Order should enter, forthwith, for petitioner's discharge.

The state presented no testimony at the probation violation hearing. The only evidence presented was a violation report dated November 3, 1989, with an attached laboratory report from Upshur Laboratories. The violation report with the attached laboratory report was admitted in

evidence over the objection of the defendant (the petitioner in this case).

The violation report alleged that Carson had violated his probation, "by testing positive for [c]ocaine on a routine drug screen conducted on a urine sample provided by Carson on 10–23–89." The violation report stated, as "Particulars of Violation," that a "report from Upshur Laboratories was returned indicating that '[e]vidence was found, by the screening procedures used, to support the presence of the following: [c]ocaine, [c]onfirmed [p]ositive.'" The only statement on the laboratory report was the one quoted in the violation report, viz., that "EVIDENCE WAS FOUND, BY THE SCREENING PROCEDURES USED, TO SUPPORT THE PRESENCE OF THE FOLLOWING: COCAINE CONFIRMED POSITIVE." The laboratory report bears no signature of any person presumably in a position of responsibility[1] and has the appearance of a report which "could be merely the product of some home computer printer."[2] It does not describe any particular type of test as having been performed nor does it provide any scale or objective basis for its conclusion. The attached laboratory report, on its face, lacks any indicia of reliability. Petitioner objected that the report was hearsay, that it violated his right to confrontation, and that it denied his right to due process of law.

The state offered no other evidence. Petitioner testified at the hearing and denied cocaine "or any other type of illicit drug" use. The only other witness at the probation violation hearing was petitioner's mother. Her testimony was limited to describing the type of assistance she would provide if petitioner was continued on probation.

Petitioner complains that he was denied his right to confront and cross-examine his accusers, specifically, the probation officer who prepared the violation report and any laboratory personnel who performed tests or otherwise prepared and submitted the laboratory report. He contends that the procedure followed by the trial court in the probation violation hearing resulted in his loss of liberty without being afforded minimal standards of due process of law.

Missouri cases identify certain fundamental rights to which a probationer is entitled in a probation violation case. In *Moore v. Stamps*, 507 S.W.2d 939 (Mo.App. 1974), the Eastern District applied the principles announced by the United States Supreme Court in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), to a Missouri probation violation case. Following a comprehensive review of the mandates of *Morrissey* and *Gagnon*, the Eastern District concluded that minimal standards of due process require that a probationer accused of having violated conditions of his probation, and who faces a loss of liberty for the alleged violation, is entitled to:

(a) Written notice of the claimed violations of probation and the date and time of hearing. (b) Disclosure to the probationer prior to the hearing of evidence against him in general terms. (c) Opportunity to be heard in person or in a proper case by counsel and to present witnesses or documentary evidence. (d) *The right to confront and cross-examine adverse witnesses, unless there is good cause for not allowing or having such confrontation.* (e) A written statement by the judicial officer conducting the final hearing as to the evidence relied on and the reasons for revoking probation. (f) The probationer may in the ex-

---

1. The report does have the name "RUSSELL M. FIORELLA, M.D." in the same dot matrix print as the other few words on the report, followed by the designation, "* * * FINAL REPORT * * *."

2. A similar report was found to be inadmissible in a Pennsylvania parole violation case when the report was offered in evidence without testimony of expert personnel or without other testimony sufficient to show its admissibility. *Powell v. Pennsylvania Board of Probation and Parole*, 100 Pa.Cmwlth. 7, 513 A.2d 1139, 1144 (1986). *See also Wilson v. State*, 70 Md.App. 527, 521 A.2d 1257 (1987).

ercise of sound discretion be entitled to counsel. (Emphasis added).

*Moore v. Stamps, supra,* at 950.

The determination in *Moore* was made with the acknowledgements that: (1) a probation revocation is not a part of the criminal prosecution process and, therefore, the evidence standard is not the reasonable doubt standard but that the hearing judge need only be reasonably satisfied that terms of probation were violated; and, (2) hearsay evidence may form a basis to revoke probation if the probationer or counsel may cross-examine witnesses offering hearsay evidence. *Id.* at 949. In making the determination, the court further pointed out that although *Morrissey* and *Gagnon* do not apply strictly to judicial revocation of probation, "the spirit of those decisions" requires the minimal rights of due process set forth in *Moore. Id.*

The Western District announced the same *minimum* requirements for probation violation hearings in which a probationer's liberty is in jeopardy. *Reiter v. Camp,* 518 S.W.2d 82, 87–88 (Mo.App. 1974). *See also State ex rel. Robinson v. Corum,* 716 S.W.2d 376, 378–79 (Mo.App. 1986).

■■■ The probation officer who wrote the violation report that was admitted in evidence without his testimony, or the testimony of anyone else, and the laboratory personnel who prepared, or caused to be prepared, the laboratory report which was attached to the violation report, provided the evidence upon which the trial court deprived petitioner of his liberty. None of those persons were called as witnesses. Petitioner's complaint that he was denied the right of confrontation and cross-examination is well-founded. Petitioner was entitled to confront and cross-examine the persons who provided the evidence which resulted in his loss of liberty. By not being afforded that opportunity, petitioner was denied the minimal rights of due process to which he was entitled.

Writ of habeas corpus shall issue. The petitioner is discharged from imprisonment and restored to his status as a probationer without prejudice to the institution of further revocation proceedings.

CROW, P.J., and PREWITT, J., concur.