Anthony GRIFFINI, Appellant,

v.

Cranston J. MITCHELL, Chairman of the Board of Probation and Parole of the State of Missouri, Appellee.

No. 93-2468.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 1994.

Decided Aug. 4, 1994.

Michael L. Skinner, St. Louis, MO, argued (John P. Pollard, on the brief), for appellant.

John W. Simon, Asst. Atty. Gen., Jefferson City, MO, argued, for appellee.

Before McMILLIAN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and STROM,* District Judge.

McMILLIAN, Circuit Judge.

Anthony Griffini appeals from a final order entered in the District Court[1] for the Eastern District of Missouri denying his petition for writ of habeas corpus. *Griffini v. Purkett*, No. 4:92CV343-DJS (E.D.Mo. Apr. 2, 1993) (judgment adopting recommendation of magistrate judge[2]). For reversal, appellant argues the district court erred in finding that he failed to establish cause to excuse his procedural default and in adopting the magistrate judge's report and recommendation without holding an evidentiary hearing. For the reasons discussed below, we affirm the judgment of the district court.

On September 23, 1988, appellant pleaded guilty in state court to four criminal offenses and was sentenced to a total of 5 years and 9 months imprisonment, to be served consecutively to sentences imposed for 3 prior convictions. The state trial court then suspended execution of the sentences and placed

---

* The Honorable Lyle E. Strom, Chief Judge, United States District Court for the District of Nebraska, sitting by designation.

1. The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

2. The Honorable Catherine D. Perry, United States Magistrate Judge for the Eastern District of Missouri.

appellant on probation for a total of 3 years. In March 1989, while on probation, appellant committed additional crimes in violation of the conditions of his probation. The state charged appellant with 2 new criminal offenses and also sought revocation of probation. On January 26, 1990, pursuant to a plea agreement, appellant waived his right to a probation revocation hearing and admitted that he had violated his probation. The state trial court revoked his probation and ordered that the sentences previously imposed be executed. On the same day, appellant entered an *Alford*[3] plea to the 2 new offenses. The state trial court sentenced him to a total of 7 years imprisonment for these offenses, to be served concurrently with the newly executed sentences. The state trial court also granted appellant credit for the time he had spent in jail awaiting trial and sentencing.

On January 30, 1990, appellant was delivered to the state department of corrections and began serving his sentences. Appellant did not file a motion for post-conviction relief challenging his *Alford* plea. Mo.S.Ct.R. 24.-035(b) (motion must be filed within 90 days after delivery to state department of corrections). In May 1991, following a parole hearing, the state board of probation and parole notified appellant that he had been scheduled for release on parole on August 23, 1992. Appellant administratively appealed that decision; the appeal was denied in July 1991.

In February 1992 appellant filed a petition for writ of habeas corpus in federal district court claiming that he had received ineffective assistance of counsel in connection with his *Alford* plea. Appellant claimed that he had only agreed to plead guilty because his defense attorney promised him that, if he did so, he would be sentenced to 7 years imprisonment but would be paroled in 2 years "with no problem." Appellant later amended his petition to add two claims—the state had suppressed his co-defendant's recantation of his statement implicating him in the offenses that were the basis of the *Alford* plea and his defense attorney had misled him about the calculation of jail time credit. The district court referred the petition to the magistrate judge pursuant to 28 U.S.C. § 636(b).

The magistrate judge recommended denial of habeas relief. The magistrate judge characterized the petition as challenging only the *Alford* plea, thus rejecting the state's characterization of the petition as a mixed petition.[4] Slip op. at 2. The magistrate judge concluded that appellant's failure to file a Mo.S.Ct.R. 24.035 motion for post-conviction relief challenging his *Alford* plea was a procedural default which barred federal habeas review absent cause and prejudice. *Id.* at 3–4. Appellant argued that he could not have filed a Mo.S.Ct.R. 24.035 motion within 90 days of his delivery to the state department of corrections because he did not become aware of the factual basis for any of his claims "until long after the time limit had expired," presumably referring to the state board's May 1991 decision setting his parole release date as August 23, 1992. The magistrate judge rejected this argument and found no cause to excuse the procedural default. *Id.* at 6–7 (at time of delivery to state department of corrections, appellant was provided or had access to "face sheet" which, among other things, clearly informed him that his conditional release date was March 23, 1994, a

---

3. *North Carolina v. Alford,* 400 U.S. 25, 37–38, 91 S.Ct. 160, 167–68, 27 L.Ed.2d 162 (1970) (defendant may constitutionally consent to imposition of sentence even if he or she is unwilling or unable to admit participation in the acts constituting the crime when record strongly evidences guilt).

4. The state read the petition as attacking the constitutional validity of both the *Alford* plea and the revocation of probation for the 1988 guilty pleas. The offenses that were the basis of the *Alford* plea were also used to revoke appellant's probation; appellant had been placed on probation following the 1988 guilty pleas. Missouri law allows persons in custody to raise grievances concerning probation revocation by state habeas corpus, which, unlike motions for post-conviction relief, has no specific time limit. *See* Mo. S.Ct.R. 91; *State ex rel. Robinson v. Corum,* 716 S.W.2d 376 (Mo.Ct.App.1986). The state argued that although appellant could not timely file a motion for post-conviction relief with respect to his *Alford* plea and therefore had exhausted available state remedies with respect to that conviction, appellant could still file a state habeas petition challenging the revocation of probation and therefore had not exhausted available state remedies with respect to those convictions.

date which exceeded appellant's expectation of release sometime in 1992).

Although the magistrate judge's report and recommendation expressly advised appellant that he had 11 days to file written objections and that failure to file timely objections may result in waiver of the right to appeal questions of fact, appellant did not file any written objections. The district court adopted the report and recommendation of the magistrate judge and denied the petition for habeas relief. This appeal followed. The district court granted appellant's motions for leave to proceed in forma pauperis and for a certificate of probable cause. Appellant was released on parole in August 1993.

■ Appellant first argues the district court erred in finding that he had not shown cause for his procedural default. He argues that he could not have filed a timely Mo. S.Ct.R. 24.035 motion because the necessary facts were not reasonably available to him until after the period for filing such a motion had expired. Appellant also argues the district court erred in adopting the report and recommendation without holding an evidentiary hearing on this claim because the question of his knowledge or lack of knowledge was not resolved in a state court hearing and cannot be resolved on the basis of the written record.

■ Appellant's failure to file any objections waived his right to de novo review by the district court of any portion of the report and recommendation of the magistrate judge as well as his right to appeal from the findings of fact contained therein. *E.g., Thompson v. Nix,* 897 F.2d 356, 357 (8th Cir.1990) (per curiam).

■ We have reviewed the magistrate judge's findings of fact for plain error. *Id.,* citing *Nettles v. Wainwright,* 677 F.2d 404, 410 (5th Cir. Unit B 1982) (banc). We find no plain error. Appellant admits that he never filed a Mo.S.Ct.R. 24.035 motion for post-conviction relief challenging the constitutionality of his *Alford* plea. The time period during which appellant could have filed such a motion expired 90 days after his delivery to the state department of corrections. The time limits for filing motions for post-

conviction relief have been upheld by the Missouri Supreme Court. *E.g., Bullard v. State,* 853 S.W.2d 921, 922–23 (Mo.) (banc), *cert. denied,* —— U.S. ——, 114 S.Ct. 475, 126 L.Ed.2d 426 (1993). The failure to file a timely motion for post-conviction relief in the state court is a procedural default that will bar habeas review absent cause and prejudice. *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 2506–07, 53 L.Ed.2d 594 (1977). In the present case, the magistrate judge found no cause to excuse the procedural default because appellant was provided with, or had access to, his "face sheet" within 90 days of his delivery to the state department of corrections and thus knew, or should have known, during that time that his defense attorney had misinformed him about the amount of time he had to serve before parole. The magistrate judge's reliance upon appellant's timely access to his "face sheet" is not plain error.

Accordingly, we affirm the judgment of the district court.