51 F.3d 278
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Jimmy SCHERRER, Appellant,
v.
Larry W. NORRIS, Acting Director, Arkansas Department of
Correction, Appellee.
 No. 94-3461.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Mar. 29, 1995.
Filed: Apr. 4, 1995.
 
 Before BOWMAN, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Arkansas inmate Jimmy Scherrer appeals from the district court's[1] order dismissing his 28 U.S.C. Sec. 2254 petition for writ of habeas corpus. We affirm.
 
 
 2
 At Scherrer's jury trial for capital murder, a police officer testified that the day after Scherrer was arrested, he delivered a soda to Scherrer's cell. Scherrer, who was crying, asked what he was being charged with. After the officer indicated the charge was murder, Scherrer asked what another suspect, Terry, had said about it. The officer replied that Terry said Scherrer's cousin, Johnny, killed the victim. The officer testified that Scherrer then stated, "[N]o, he didn't, Terry did." Defense counsel had moved to suppress this testimony, but the trial court determined that Scherrer's statement was spontaneous and unsolicited. Scherrer was convicted and sentenced to life in prison without parole. His conviction was affirmed on direct appeal. Scherrer v. State, 742 S.W.2d 884 (Ark. 1988).
 
 
 3
 Scherrer filed this habeas petition. Relevant to this appeal, he asserted that his custodial statement was not voluntarily given and was obtained in violation of Miranda v. Arizona, 384 U.S. 436 (1966), and that his conviction was therefore obtained in violation of the Fifth and Fourteenth Amendments. Scherrer argued that his conversation with the officer amounted to an "interrogation," because the officer should have known his remarks to Scherrer (who was seventeen and had never been in jail before) were "reasonably likely to elicit an incriminating response," citing Rhode Island v. Innis, 446 U.S. 291, 301 (1980).
 
 
 4
 In reviewing the record, the magistrate judge found support for the state court's presumptively correct findings that Scherrer initiated the conversation, that the officer asked Scherrer no questions, and that Scherrer's statement was unsolicited. See 28 U.S.C. Sec. 2254(d). Scherrer did not object to the magistrate judge's report; therefore, we review only for plain error the factual findings underlying the district court's order of dismissal. See Griffini v. Mitchell, 31 F.3d 690, 692 (8th Cir. 1994).
 
 
 5
 We conclude that those findings were not plainly erroneous, and that the dismissal was based on a correct application of the law. Miranda warnings are required only when a suspect is in custody and being interrogated. Butzin v. Wood, 886 F.2d 1016, 1018 (8th Cir. 1989), cert. denied, 496 U.S. 909 (1990). " 'Interrogation' ... must reflect a measure of compulsion above and beyond that inherent in custody itself." Innis, 446 U.S. at 300. Volunteered statements are not barred by the Fifth Amendment. Miranda, 384 U.S. at 478. The circumstances here-including Scherrer's age and emotional state, and the officer's experience and responses-did not render Scherrer's statement involuntary: "coercive police activity is a necessary predicate to the finding that a [statement] is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment." Colorado v. Connelly, 479 U.S. 157, 167 (1986).
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas