United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-2973

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Paul W. Graber, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: January 2, 1998

Filed: January 9, 1998

_____

Before McMILLIAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Paul W. Graber appeals from the district court's[1] civil contempt order entered against him for failure to provide the Internal Revenue Service (IRS) documents in compliance with the court's April 1996 order, enforcing an IRS summons for documents and testimony regarding Graber's 1988-1994 tax liability. We affirm.

_____

[1]The Honorable R. E. Longstaff, United States District Judge for the Southern District of Iowa, adopting the report and recommendations of the Honorable Ross A. Walters, United States Magistrate Judge for the Southern District of Iowa.

Graber argues that the enforcement order was invalid. We find that the government's petition and attachments sufficiently supported a good faith basis for enforcement. See United States v. Powell, 379 U.S. 48, 57-58 (1964); Tax Liabs. of: John Does, All Unknown Employees of Boundary Waters Restaurant v. United States, 866 F.2d 1015, 1018-19 (8th Cir. 1989). Graber's response, including his claim that he had not "elected" to be treated as a United States citizen and was not born "subject to the Internal Revenue Tax," as well as his denial of possession of pertinent documents "for lack of information to form a belief," failed to create a fact question or to meet his burden of showing a legitimate basis for contesting the summons. See United States v. Lawn Builders of New England, 856 F.2d 388, 392-93 (1st Cir. 1988) (summoned party's denial based on "lack [of] knowledge or information sufficient to form a belief" insufficient to meet burden of proving nonpossession).

We conclude the contempt order was proper. At the contempt hearing, the government produced clear and convincing evidence that Graber did not produce the documents in compliance with the enforcement order. See Wycoff v. Hedgepeth, 34 F.3d 614, 616 (8th Cir. 1994) (burden of proof). Although Graber denied having the documents, he provided no further explanation or evidence. Graber failed to object to the magistrate judge's report and recommendation finding him in contempt, and the district court did not clearly or plainly err in finding Graber did not meet his burden of proving a "present inability to comply with the earlier enforcement order." See United States v. Rylander, 460 U.S. 752, 757, 760-61 (1983) (enforcement order contains "implied finding that no defense of lack of possession or control had been raised and sustained," and gives rise to "presumption of continuing possession arising from the enforcement order"; in contempt proceeding, defendant bears burden of producing evidence establishing his present inability to comply with court order); Wright v. Nichols, 80 F.3d 1248, 1250 (8th Cir. 1996) (factual findings in contempt order reviewed for clear error); Griffini v. Mitchell, 31 F.3d 690, 692 (8th Cir. 1994) (reviewing factual findings for plain error where no objections to magistrate judge's report).

Accordingly we affirm.

A true copy.

   Attest:

          CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.