# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1013

_____

Jimmy G. Nixon, Sr.,       *
      *
     Appellant,       *
      *   Appeal from the United States
     v.       *   District Court for the
      *   Eastern District of Arkansas.
Linda Sanders, Warden FCI - Forrest    *
City; Rebecca Lewis, Chaplain, FCI -    *
Forrest City; Howard Collier,       *   [UNPUBLISHED]
Chaplain, FCI - Forrest City,       *
      *
     Appellees.       *

_____

Submitted: August 7, 2007
Filed: August 17, 2007

_____

Before MURPHY, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Federal inmate Jimmy G. Nixon, Sr., appeals the district court's order dismissing, for failure to exhaust administrative remedies, his action filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). We reverse and remand.

After Nixon filed this action complaining of religious harassment, defendants sought dismissal or summary judgment based on Nixon's failure to exhaust his

administrative remedies. In support, defendants submitted prison records and an attorney's declaration. Nixon responded, and the magistrate judge recommended dismissal of the complaint, finding that it was clear from defendants' papers, and Nixon's lack of proof to the contrary, that Nixon had not fully exhausted his administrative remedies. Nixon did not file objections, and the district court adopted the magistrate judge's report and dismissed Nixon's complaint without prejudice for failure to exhaust. This appeal followed.

We review the district court's findings of fact for clear error and its conclusions of law de novo, see Kozohorsky v. Harmon, 332 F.3d 1141, 1143 (8th Cir. 2003), but because Nixon did not object to the magistrate judge's report, any error is not reversible unless it is plain error, cf. Griffini v. Mitchell, 31 F.3d 690, 692 (8th Cir. 1994) (reviewing magistrate judge's findings of fact for plain error where habeas petitioner failed to file objections to report and recommendation).

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before a civil action can be brought with respect to prison conditions. See Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam); Porter v. Nussle, 534 U.S. 516, 524 (2002) (federal inmates suing under Bivens must first exhaust administrative remedies). Administrative exhaustion is an affirmative defense that defendants have the burden to plead and prove. See Jones v. Bock, 127 S. Ct. 910, 919-22 (2007).

We conclude that Nixon raised a factual dispute as to whether he was denied the necessary forms to grieve the religious harassment that was the subject of his Bivens action. In various submissions,[1] Nixon complained to prison officials that staff members were ignoring his BP-8½ grievance forms--the initial step in the grievance

---

[1]These included Nixon's September 14, 2004 letter to the warden and October 13, 2004 letter (recipient unnoted); "inmate request" forms; a sworn statement; and additional letters to the warden and others.

process--and were refusing to provide him with BP-9, -10, and -11 forms which are needed to proceed through the Bureau of Prisons' administrative-remedy process. See 28 C.F.R. § 542.10-.18; Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (prisoner's allegations that prison officials denied his requests for grievance forms could raise inference that he was prevented from utilizing prison's administrative remedies; remedy that prison officials prevent prisoner from utilizing is not "available" under § 1997e(a)).

We further find that the error was plain, and in the interest of the fairness, integrity, and public reputation of judicial proceedings, we exercise our discretion to order correction of the error. See Allen v. Entergy Corp., Inc., 193 F.3d 1010, 1014 (8th Cir. 1999) (discussing plain error). Therefore, we remand for a determination whether--in light of Nixon's allegations that the prison withheld grievance forms--the grievance procedure in this case was "available" within the meaning of section 1997e(a) to administratively exhaust Nixon's religious-harassment claim. See Miller, 247 F.3d at 740.

Accordingly, we vacate the judgment and we remand this matter to the district court for further proceedings consistent with this opinion.

_____