

# In the Missouri Court of Appeals
# Eastern District

**WRIT DIVISION ONE**

| | | |
|---|---|---|
| STATE OF MISSOURI, EX REL. MICHAEL JOE BUTLER, | ) ) ) ) | No. ED113612 |
| | | Writ of Prohibition |
| Relator, | ) ) ) | JEFFERSON COUNTY CIRCUIT COURT |
| v. | ) ) | Cause No. 24JE-CR01226-01 |
| HONORABLE JOSEPH RATHERT, CIRCUIT JUDGE | ) ) ) ) | |
| Respondent. | ) | Filed: September 16, 2025 |

**Introduction**

Relator Michael Butler filed a petition for a writ of prohibition seeking an order to prohibit the Honorable Joseph Rathert (Respondent) from revoking Relator's probation. Because Relator was denied his rights to due process and confrontation during the probation revocation hearing, Respondent's ruling on the State's motion to suspend probation constituted an abuse of discretion. Thus, this court makes permanent its preliminary order of prohibition.

1

## Factual and Procedural Background[1]

On February 3, 2025, Relator was sentenced to three years in prison. Respondent suspended the execution of the sentence, placing Relator on probation through the Missouri Board of Probation and Parole. Relator's probation was subject to all general conditions of the Board, including the condition that a probationer shall not violate any law, and if a probationer is arrested and fails to report the arrest to his probation officer within 48 hours, he has violated a condition of probation.

The Board of Probation and Parole filed a Notice of Citation against Relator on February 24, 2025, alleging that Relator was "arrested for DWLR/S" on February 5, 2025. The Notice of Citation contained no other information and did not specify whether Relator had failed to report the arrest within 48 hours. A Probation Violation Report was never filed in this case and no additional Notice of Citation was filed. Though a criminal charge was filed against Relator, the criminal charge was dismissed prior to the hearing.

On February 26, 2025, the State filed a motion to show cause and suspend probation. Counsel for Relator filed a motion for disclosure on April 9, 2025. At a hearing on May 7, 2025, defense counsel argued that there was insufficient evidence presented to make a finding that there was a probation violation, highlighting that no police report was presented, no Probation Violation Report was filed, no police officer was called to testify, and that the charge against Relator was dismissed. In response, Respondent asked a probation officer to be a witness, even though she was not disclosed to defense counsel prior to the hearing and "just happened" to be in

---

[1] We note that Respondent failed to file suggestions in opposition or an answer to the preliminary order in prohibition, despite being ordered to do so by this Court and being granted several extensions. As such, all facts in the writ petition are deemed admitted and taken as true. *State ex rel. Allison v. Barton*, 197 S.W.2d 667, 668-69 (Mo. banc 1946) ("Every allegation of relator's petition which is not denied by the return or confessed and avoided therein is to be taken as true."). Respondent is in default. This Court could exercise its discretion and enter judgment making permanent the preliminary order in prohibition on this ground, *State ex rel. Taylor v. Banas*, 563 S.W.3d 191 (Mo. E.D. App. 2018), but will address the merits of the case instead.

court that day.[2] The probation officer testified that a citation was submitted, but that she did not have any additional information. The probation officer did not know where the alleged violation occurred, did not know which police department was involved, did not know if any other violations or citations occurred, did not know how the Notice of Citation was generated in this case, and had no first-hand knowledge of the alleged violation. She also admitted that the Notice of Citation did not have any information about the alleged violation or underlying facts.

The Notice of Citation and the probation officer's testimony were the only evidence presented. Following the hearing, Respondent found Relator to be in violation of the terms of his probation. Relator's case was scheduled to be disposed of on July 8, 2025. Relator filed this writ of prohibition, and the disposition hearing has been postponed while the writ is pending. This Court issued a preliminary order in prohibition on June 25, 2025. Respondent has not filed an answer.

## Standard of Review

"No appeal may be taken from a revocation of probation; instead, errors in probation revocation proceedings may be contested by the appropriate writ." *State v. Burnett*, 72 S.W.3d 212, 214 (Mo. App. W.D. 2002). The standard of review for a writ of prohibition is abuse of discretion. *Buddemeyer v. Foley*, 699 S.W.3d 471, 474 (Mo. App. W.D. 2024), *reh'g and/or transfer denied* (Oct. 29, 2024).

## Discussion

The sole issue before this Court is whether Relator's rights to due process and confrontation were violated by Respondent holding a probation revocation hearing where the State failed to disclose what condition of probation Relator was alleged to have violated and the

---

[2] We note that Respondent called and questioned the probation officer. The State did not put on any evidence or solicit any testimony during the hearing.

3

evidence the State would rely on at the hearing. The State produced minimal evidence at the hearing that Relator had violated the terms of his probation.

Section 559.036 permits the court to "terminate a period of probation and discharge the defendant at any time before completion of the specific term fixed under section 559.016 if warranted by the conduct of the defendant and the ends of justice." Section 559.036.6, RSMO Cum. Supp. 2024. However, "[p]robation shall not be revoked without giving the probationer notice and an opportunity to be heard on the issues of whether such probationer violated a condition of probation and, if a condition was violated, whether revocation is warranted under all the circumstances." *Id*.

Missouri courts have long held that due process is required in probation revocation and parole hearings. *See e.g.*, *Moore v. Stamps*, 507 S.W.2d 939, 945 (Mo. App. 1974); *State ex rel. Cline v. Wall*, 37 S.W.3d 877, 880 (Mo. App. S.D. 2001) (applying the holding in *Moore* to probation cases).[3] The minimum requirements of due process include:

> a) written notice of the claimed violations of parole; b) disclosure to the parolee of evidence against him; c) opportunity to be heard in person and to present witnesses and documentary evidence; d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and f) a written statement by the factfinders as to the evidence relied on and the reasons for revoking the parole.

*State ex rel. Mack v. Purkett*, 825 S.W.2d 851, 854 (Mo. banc 1992) (citing *Morrissey v. Brewer,* 408 U.S. 471, 489 (1972)). Although probation revocation hearings are not criminal

---

[3] Missouri courts' extension of the due process requirements in parole revocation cases to probation revocation cases is in line with the Supreme Court's jurisprudence on the topic. *Morrissey v. Brewer* held that due process was required in parole revocation procedures. 408 U.S. 471 (1972). The next year, the Supreme Court extended that holding to include probation revocation proceedings in *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

proceedings, a court must still be "reasonably satisfied that the terms of the probation have been violated." *Moore*, 507 S.W.2d at 949.

Despite having received a hearing, Relator was denied the minimum requirements of due process. The evidence against Relator was not disclosed before the hearing. In fact, the *only* evidence against Relator were the words "arrested for DWLR/S" on a Notice of Citation. No other information regarding the alleged violation was ever presented beyond the mere accusation. The State never produced a traffic ticket, police report, or Probation Violation Report, and the charge against Relator was dismissed prior to the hearing. Additionally, Relator did not have notice of the witness Respondent called to testify against him. Moreover, the witness called at the hearing did not possess any first-hand knowledge of the case and could not provide any information beyond the Notice of Citation. The police officer who made the alleged arrest was never made available to confront and cross-examine, nor was the individual who prepared and filed the Notice of Citation. As such, there was no basis for finding that Relator violated a condition of his probation. *In re Carson*, 789 S.W.2d 495, 497 (Mo. App. S.D. 1990) ("Petitioner was entitled to confront and cross-examine the persons who provided the evidence which resulted in his loss of liberty. By not being afforded that opportunity, petitioner was denied the minimal rights of due process to which he was entitled.").

Thus, we find that Respondent abused his discretion by finding that Relator violated the terms of his probation without the proper due process protections.

5

## Conclusion

Accordingly, the preliminary order in prohibition is made permanent and Respondent is directed that he may not revoke Relator's probation based on the finding of violation at the May 7, 2025 hearing.

Renée D. Hardin-Tammons, P.J.

Michael E. Gardner, J., and
Rebeca Navarro-McKelvey, J., concur.